**James Eugene HARRISON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49377.**

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of possession of heroin. The court found the appellant guilty on his plea of guilty, and assessed his punishment at imprisonment for five years.

The appellant at the time of trial filed an affidavit of indigency, and the court appointed counsel to represent him. At the time punishment was assessed the appellant's counsel reminded the court of the appellant's indigency, and he made known the appellant's desire to appeal and gave notice of appeal. The appellate record before us is not accompanied by brief filed in appellant's behalf pursuant to Art. 40.09, Sec. 9, Vernon's Ann.C.C.P. The court-appointed trial counsel has advised this court by letter that he does not represent the appellant for purposes of appeal. *However, there is nothing in the record to indicate that the trial court permitted appointed counsel to withdraw. As far as*

*this court is concerned the trial counsel still represents appellant on appeal.* We must abate this appeal until the trial court shall take such steps as are necessary to provide appellant with the effective aid of counsel on appeal. See Richardson v. State, 495 S.W.2d 246 (Tex.Cr.App.1973); Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811 (1963); Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); cf. Steel v. State, 453 S.W.2d 486 (Tex.Cr.App.1970).

The appeal is abated.