**Kenneth Joseph WARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 325–86.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1987.

Jeff Blackburn, on appeal only, Amarillo, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

In his Petition for Discretionary Review the appellant, Kenneth Joseph Ward, seeks a review of the judgment revoking his probation. The Seventh Court of Appeals affirmed the revocation of his probation in a published opinion. *Ward v. State*, 704 S.W.2d 903 (Tex.App.—Amarillo, 1986, pet. pending). The appellant questions whether the Court of Appeals correctly held that despite his attorney's failing to designate timely the record and therefore failing to have a statement of facts included in the appellate record, he was nonetheless not deprived of his State and Federal rights to the effective assistance of counsel on appeal.[1]

The appellant was originally given a six-month's probation for theft. In a motion to revoke his probation the State alleged that the appellant committed a burglary of a habitation and therefore violated a term of his probation. After a hearing, his probation was revoked on October 4, 1984.

Although an order of appointment is not within the record, it is apparent that the appellant was represented by appointed counsel at the hearing on the motion to revoke. Appointed counsel timely filed a written notice of appeal on October 10, 1984. Thereafter, notice of completion of the record was sent to appellant's trial counsel, but not to the appellant. On October 25, 1984, the trial judge approved the record consisting of the transcript, but no statement of facts. The record was then filed in the Court of Appeals on November 20, 1984.

After receiving notice of the filing, the appellant's trial counsel notified the Court of Appeals that his representation of appellant was limited to the trial only. The Court of Appeals abated the appeal and ordered a hearing to be held by the trial court to determine whether the appellant was indigent, and if found to be indigent to appoint him an attorney to pursue his appeal.

On December 20, 1984, in compliance with this order, the trial court appointed the appellant's trial counsel to represent him on the appeal. Within seven days of his appointment appellate counsel designated the transcription of the court reporter's notes for inclusion in the record. However, the Court of Appeals denied the appellant's motion for an extension of time in which to file the statement of facts. Thereafter, a motion by appellant's current appellate counsel[2] to abate the appeal and remand the case to the trial court with instructions that it be "returned to the posture it occupied at the moment notice of appeals was given," was also denied in an unpublished per curiam opinion. *Ward v. State*, No. D7–84–0254–CR (delivered April 30, 1985). Consequently, the record contains no statement of facts.

The Court of Appeal's decision to deny the appellant authority to designate the record in an untimely manner was based on its conclusion that Art. 40.09(2), V.A.C. C.P.[3] (repealed) was not subject to time extensions. Basically, Article 40.09(2), *supra* required a written statement specifying matter for inclusion in the record to be filed within twenty days of the giving of notice of appeal. Moreover, Article 40.-09(2), *supra*, further stated, "[t]he failure of the clerk to include designated matter will not be ground for complaint on appeal if the designation specifying such matter is not timely filed." In addition, the Court of Appeals refused to allow the appellant to begin the appellate process anew because it

---

1. Review was granted under *Tex.R.App.P.* 200(c)(3).

2. The attorney now representing the appellant is not the attorney that was originally appointed to represent the appellant.

3. Arts. 40.01 to 40.11 were repealed by Texas Rules of Appellate Procedure, effective September 1, 1986.

correctly concluded that "an indigent defendant must designate the record ...," *Ward v. State, supra* at slip opinion p. 2, as any other defendant. Accordingly, it held that the "appellant cannot accomplish indirectly, by abatement, what it cannot accomplish directly, by extension of time...." *Id.*

The appellant pursued his appeal and claims that the failure of counsel to timely designate the record and therefore have a statement of facts included in the record constitutes ineffective assistance of counsel on appeal.

A state is not required by the Federal Constitution to provide appellate courts or a right to appellate review. *Griffin v. Illinois,* 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898 (1956); *McKane v. Durston,* 153 U.S. 684, 687–688, 14 S.Ct. 913, 914–915, 38 L.Ed. 867, 868 (1894). Nonetheless, Texas has granted criminal defendants a statutory right of appellate review. Article 44.02, V.A.C.C.P. (1966). When a State elects to act in a field where its action has significant discretionary elements, it must act consistent with the dictates of the Texas and Federal Constitutions. *Evitts v. Lucey,* 469 U.S. 387, 401, 105 S.Ct. 830, 839, 83 L.Ed.2d 821, 833 (1985).

It is well established that an indigent defendant is entitled to an adequate record on appeal. *Griffin v. Illinois,* 351 U.S. at 18–19, 76 S.Ct. at 590–91, 100 L.Ed. at 898–99; *Guillory v. State,* 557 S.W.2d 118, 120 (Tex.Cr.App.1977). At the time appellant's case was tried the record on appeal was subject to one's compliance with a number of strict procedural rules. See Chapter 44, V.A.C.C.P. (1966). As previously noted, among these procedural rules was the requirement that a designation of

material to be included within the appellate record must be made within twenty days of giving notice of appeal. Article 40.09(2), *supra.* As previously noted, the Court of Appeals concluded that the time limitations detailed in Art. 40.09(2), *supra,* were not subject to an extension, thus, they were mandatory. And, the failure of appellant's attorney to comply with this rule was imputed to the appellant.

Such an analysis assumes that the appellant was being represented by counsel at the time the designation of the record was due. The question then actually presented is not whether the twenty day designation requirement of Article 40.09(2), *supra* is mandatory or capable of extension[4] but rather did the appellant actually have counsel charged with the responsibility of complying with its provisions? That is, it must initially be determined whether the appellant was represented by counsel and if so, did counsel render effective assistance in perfecting and pursuing a meaningful appeal.

As a threshold observation, it is abundantly clear that an appointed attorney's legal responsibilities do not magically and automatically terminate at the conclusion of the trial.[5] In *Harrison v. State,* 516 S.W.2d 192 (Tex.Cr.App.1974) the defendant's appointed counsel failed to file timely a brief and advised this Court by a letter "that he does not represent the appellant for purposes of appeal. *Id.* Dispensing with that rather self-serving claim this Court stated rather emphatically: "[T]here is nothing in the record to indicate that the trial court permitted appointed counsel to withdraw. As far as this court is concerned the trial counsel still represents appellant on appeal." *Id.* at 192–193.

---

**4.** The Texas Rules of Appellate Procedure to a great extent have replaced Chapter 44, V.A.C.C.P. with regard to preserving the record on appeal. A written designation specifying matter for inclusion in the transcript must be filed at or before the time prescribed for perfecting the appeal. *Tex.R.App.P.* 51(b). An appeal is considered perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court or the day an appealable order is signed by the trial judge; except, if a motion for new trial is timely filed,

notice of appeal shall be filed within ninety days after sentence is imposed or suspended in open court. *Tex.R.App.P.* 41(b).

**5.** This is now statutory: "An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel." Act of June 19, 1987, ch. 979 § 2, Tex.Sess.Law Serv. 6674 (Vernon).

The basis for this principle is that a defendant's trial counsel is in a position to not only advise his client as to the propriety of an appeal but is also in the best position of taking the statutory prerequisites to perfecting an appeal. Yet, this is not to imply that trial counsel must remain as defendant's "counsel for life." On the contrary, counsel may seek the trial court's permission to withdraw at any time so long as the defendant's appellate rights remain protected, the appellant is given notice of withdrawal, and the trial court's signed order permitting the withdrawal is within the record, and if the defendant is still indigent, a substitute counsel is appointed. See *Ex parte McDonald*, 483 S.W.2d 258 (Tex.Cr.App.1972).

The necessity for strict rules of withdrawal is recognized and required by the Texas Code of Professional Responsibility.[6] SUPREME COURT OF TEXAS, RULES GOVERNING THE STATE BAR OF TEXAS Art. X, § 9, DR 2–110 (1987). Disciplinary Rule 2–110(A) sets forth the general provisions governing an attorney's withdrawal:

> (A) In general.
>
> (1) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.
>
> (2) In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules.

> (3) A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

The primary purpose of DR 2–110 is to ensure that the withdrawal of counsel does not prejudice the rights of the client. See DR 2–110(A)(2). It is readily apparent that an attorney may not withdraw without the permission of the trial court. Moreover, DR 2–110 explicitly requires as a *minimum,* that withdrawing counsel: (1) give notice to his client, (2) allow time for employment of other counsel and (3) deliver to the client all papers and property to which the client is entitled. The import of DR 2–110 is clear. The withdrawal of counsel is not a procedure to be taken lightly. The ramifications of failing to properly withdraw are all too apparent in the present case.

The continuity of representation from trial to appeal is necessary to correct the ambiguity of representation which all too often follows a conviction. The ambiguity of representation in this case does not appear to be the result of the conscious indifference of any particular party. Nonetheless, this ambiguity operates to severely limit the appellant's right to meaningful appeal.

This Court recognizes that trial courts occasionally appoint counsel for purposes of trial only. *Steward v. State,* 422 S.W.2d 733, 737 (Tex.Cr.App.1968). While this practice is acceptable, the defendant whose counsel is initially appointed for trial purposes only must not be placed at a disadvantage as compared to the defendant whose counsel is appointed for all purposes. The disadvantage arises from the post-conviction period of ambiguity wherein an incarcerated defendant, whose counsel was appointed only for trial, must comply

---

**6.** *See also, Tex.R.Civ.P.* 402(a) (repealed) which governed the withdrawal of counsel on appeal, and recognized the importance of a formal method of withdrawal:

> Rule 402a. Withdrawal of Counsel.
>
> Counsel shall be permitted to withdraw and other counsel may be substituted upon such terms and conditions as may be deemed appropriate by the Court of Appeals. The motion for leave to withdraw as counsel shall be accompanied by a showing that a copy of the motion has been furnished to the party with a notice advising the party of any ensuing deadlines and settings of the cause or written acceptance of employment by new counsel indicated.
>
> This rule has been carried forward without substantial change in *Tex.R.App.P.* 7.

with a myriad of procedural rules in order to perfect a meaningful appeal. By requiring appointed counsel, even if appointed only for the trial, who does not wish to pursue his client's appeal, to affirmatively withdraw on the record, the trial court is immediately placed on notice that appellate counsel must be appointed.

Once the trial court makes a determination that a defendant is indigent and entitled to appointed trial counsel, there is a presumption that the defendant will remain indigent, unless shown to be otherwise. Consequently, when court-appointed counsel is "permitted to withdraw, either an inquiry should have been made as to whether appellant was knowingly and voluntarily waiving his right to appointed counsel on appeal, or appellant should have been afforded appointed counsel on appeal." *Lopez v. State*, 486 S.W.2d 559, 560 (Tex.Cr.App.1972).

■ In the present case the issue of trial counsel withdrawing is nonexistent. On the contrary, trial counsel took the first step in perfecting the appellant's appeal by timely filing a notice of appeal. However, after receiving notice from the Court of Appeals of the filing of the transcript trial counsel informed that court that his appointment was limited to the trial only. This claim is not supported by an appointment of counsel form in the record.

It is readily apparent that following the revocation of appellant's probation trial counsel failed to insure appellant's right to a meaningful appeal, in at least two respects. First, even if we assume that the attorney was orally appointed only for the purpose of the trial, counsel failed to affirmatively withdraw on the record. Further, counsel's appointment to represent the defendant at trial only was an agreement between trial counsel and the trial judge. This agreement by these two parties to limit the scope of representation cannot work to prejudice the rights of the appellant. Consequently, before withdrawing counsel should have filed a motion to withdraw, and given the appellant a copy of such motion. *Tex.R.App.P.* 7.

■ Second, an indigent who manifests a desire to appeal is entitled to court-appointed counsel on appeal, and where the assistance of counsel is constitutionally required, the right to furnished counsel does not depend upon a request. *Ex parte Perez*, 479 S.W.2d 283, 284 (Tex.Cr.App.1972). While the defendant must manifest his desire to appeal, *Ex parte Engle*, 418 S.W.2d 671 (Tex.Cr.App.1967) this presupposes that the defendant has been apprised of his right to an appeal. In addition, since appellant was represented by court-appointed counsel at trial, there is a presumption of appellant's desire to appeal as an indigent. *Foley v. State*, 514 S.W.2d 449, 451 (Tex. Cr.App.1974). As the dissenting opinion in the Court of Appeals correctly noted, the "presumption is, of course, strengthened by the fact that notice of appeal was actually given." *Ward v. State, supra* at 907 (Boyd, J. dissenting).

■ The Courts of Appeals have indicated that by giving notice of appeal at the conclusion of the trial, counsel has voluntarily become the attorney of record on appeal. *Robinson v. State*, 661 S.W.2d 279, 283 (Tex.App.—Corpus Christi, 1983, no pet.); *Shead v. State*, 711 S.W.2d 345 (Tex.App.—Dallas, 1986). While this is certainly true, it does not necessarily follow that until counsel gives notice of appeal, he is not otherwise obligated to pursue the defendant's appeal. Reiterating what has previously been said, appointed trial counsel remains as the defendant's counsel for all purposes until he is expressly permitted to withdraw, even if the appointment was for the trial only.

In *Ex parte Perez, supra*, the petitioner was indigent and was represented by court-appointed counsel at the time of trial. After a jury trial, the petitioner gave timely notice of appeal. Neither a statement of facts or brief was filed. Court-appointed counsel then performed no duties necessary to an adequate appeal and the trial court did not otherwise appoint counsel on appeal. The petitioner complained that he was denied a meaningful appeal. Presiding Judge Onion explained that while:

[i]t is true that the record is silent as to whether appellant requested counsel on appeal or even knew he could have so requested. This is however, immaterial because even if he failed to request counsel on appeal, this would not relieve the court of his obligation to appoint counsel. *Swenson v. Bosler*, [386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967)]. *Id.* at 284.

In the present case, the arguable limitation of representation for trial purposes only is not dispositive. Since appellant's trial counsel did not affirmatively withdraw, he remained appellant's counsel on appeal.

After finding that appellant was represented by counsel it remains to be determined whether counsel rendered effective assistance in perfecting and pursuing a meaningful appeal as guaranteed by the Due Process Clause of the Fourteenth Amendment and the Due Course of Law provision of Art. I, § 10 of the Texas Constitution.

It may appear that our previous decisions in *Zamora v. State*, 568 S.W.2d 355 (Tex.Cr.App.1978); *Hoagland v. State*, 541 S.W.2d 442 (Tex.Cr.App.1976); *Rhoda v. State*, 514 S.W.2d 937 (Tex.Cr.App.1974) require the appellant's conviction to be affirmed. None of these cases, however, is on point. In each case this Court simply held that counsel failed to comply with the time provisions for adequately perfecting an appeal. The defendants in these cases failed to allege that they were denied effective assistance of counsel on appeal and therefore the issue was not addressed. Moreover, the defendants in *Zamora* and *Hoagland* were not relying on counsel to pursue their appeals and therefore failure to comply with the procedural rules was directly attributable to each defendant's failure to exercise due diligence in pursuing his appeal.

In *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S.Ct. 830, 836, 83 L.Ed.2d 821, 829–30 (1985), the Supreme Court held that there is a constitutional guarantee of effective assistance of counsel on appeal in every criminal prosecution, *whether counsel is appointed or retained.* In *Evitts*, defendant's retained counsel filed notice of appeal, brief and record. Counsel failed to submit a statement of facts[7] required by the Kentucky Rules of Appellate Procedure. The Kentucky Court of Appeals dismissed the defendant's appeal for failure to file a statement of facts. The Supreme Court ultimately affirmed the granting of a writ of habeas corpus on the ground that the appellant had been denied effective assistance of counsel. The Supreme Court held:

> In bringing an appeal as of right from his conviction, a criminal defendant is attempting to demonstrate that the conviction, and the consequent drastic loss of liberty, is unlawful. To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial— is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. *Id.*, 105 S.Ct. at 836.

The Supreme Court held that counsel's failure to file the statement of facts constituted a lack of effective assistance of counsel on appeal in violation of the Due Process Clause of the Fourteenth Amendment. The Court noted, "counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; it is difficult to distinguish respondent's situation from that of

---

**7.** The "statement of facts" required the names of the appellants, and appellees, counsel and the trial judge, the date of judgment, the date of notice of appeal, and certain other information. *Kentucky Rules of Appellate Procedure* 1.090.

someone who had no counsel at all." *Id.* at 835, fn. 6.

In this regard, the appellant's situation and that in *Evitts* are factually similar. Furthermore, the failure of counsel in each case to comply with a simple procedural rule operated to deny appellant an opportunity at a meaningful time and in a meaningful manner to present his appeal. *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62, 66 (1965). In Texas the absence of a statement of facts severely limits appellate review. *Hale v. State*, 509 S.W.2d 637 (Tex.Cr.App.1974); *Bush v. State*, 370 S.W.2d 875 (Tex.Cr.App. 1963). Consequently, the absence of a statement of facts renders appellant's appeal a "meaningless ritual." *Evitts*, 469 U.S. at 394, 105 S.Ct. at 834, 83 L.Ed.2d at 828.

■ Although we have found that appellant's trial counsel remained appellant's counsel on appeal for failure to withdraw, it is quite obvious that counsel believed that his representation of appellant had ceased after trial. Consequently, an in-depth analysis of whether the appellant received *effective* assistance of counsel is unnecessary as it is apparent that the appellant as a practical matter received *no* assistance as to the substantive issues that may be presented on appeal. We hold that the appellant has been denied his right to effective assistance of counsel on appeal in violation of the appellant's Fourteenth Amendment due process rights under the Federal Constitution and Art. I, § 10 of the Texas Constitution.[8]

Therefore, the Court of Appeals' decision is reversed and the case is remanded to that court with instructions to abate the appeal. Further, all applicable time limits on appeal shall be calculated as if the notice of appeal were given on the date of the overruling of the final motion for rehearing of this Order, or on the 16th day after rendition of this Order if no motion for rehearing is filed. See *Polk v. State*, 676 S.W.2d 408 (Tex.Cr.App.1984).

TEAGUE, Judge, concurring.

Notwithstanding what I will later state, I certainly agree with the majority opinion's conclusion that given the facts and circumstances of this case, Kenneth Joseph Ward, the appellant, is entitled to an out-of-time appeal, because, through no fault of his, but probably because of "the system" that then existed, which this Court, by failing to step in when given the opportunity, allowed to perpetuate itself, he has been denied and deprived of his constitutional right to appeal the trial court's order revoking his probation. Given the record of this cause, appellant is clearly entitled to be granted an out-of-time appeal.

To understand what I will later state, I believe that it is necessary for the reader to first familiarize himself or herself with the poem "La muse historique", that was written by the 15th century poet Jean Loret, in which Loret described a Mother Goose tale in these words "Comme un conte de la Mer-oye/Se trouvant fabuleux et faux." The majority opinion truly gives meaning to those words that Loret wrote so many, many years ago.

I further find that to fully appreciate the majority opinion, it is also necessary for the reader to recall from his or her childhood the following Mother Goose rhyme, which is found in MS.'s addition to *Mother Goose's Melody* (c. 1803):

Humpty Dumpty sat on a wall,
Humpty Dumpty had a great fall;
All the King's horses,
And all the King's men,
Couldn't put Humpty Dumpty back together again.

No matter how much those members of this Court who join the majority opinion might desire to turn the clock back to that day when appellant's court appointed trial counsel gave written notice of appeal on behalf of appellant, and thus be able to apply what the majority opinion advocates

---

**8.** See also, *Shead v. State*, 711 S.W.2d 345 (Tex. App.—Dallas 1986, disc. rev. ref'd); *Vicknair v. State*, 702 S.W.2d 304 (Tex.App.—Houston [1st Dist.] 1985, no pet.); *Robinson v. State*, 661 S.W.2d 279 (Tex.App.—Corpus Christi 1983, no pet.).

today, now for then is simply inapplicable to this cause.

I find that even if this Court in the future is presented with an identical set of facts to this cause, involving a case that arose before September 1, 1987, because the clock cannot be turned back, virtually all, if not all, of what the majority opinion states should be the law will have little or no meaning to that case.

I must, however, point out that the majority opinion by Judge Duncan makes it self-evident that a majority of this Court's collective minds is usually willing to change on a given issue. Today's majority opinion gives meaning to my belief.

Not too awfully long ago at least eight members of this Court voted to refuse to grant William John Pacheco's petition for discretionary review. I was the only judge of this Court who dissented to the refusal. The facts that were presented there are no better than those present in this cause; in fact, they may be worse. See *Pacheco v. State*, 692 S.W.2d 59 (Tex.Cr.App.1985). Perhaps, given what the Court does today, the defendant Pachecho should now return to this Court and obtain the meaningful appeal that he has been denied in the past. I will not repeat all of what I stated in the dissenting opinion that I filed in *Pacheco*, supra, because that would only be repeating much of what this majority opinion in part states. I will only state the following: "However, if the defendant opts to have his conviction reviewed by an intermediate court of appeals, but he failed to obtain such review, it is the State that has unconstitutionally deprived him of his appeal. It is the State that must see that the defendant who wishes to appeal his conviction receives a meaningful review of that conviction." (64).

James Blaine Shead, whose motion for leave to file application for writ of mandamus and/or prohibition was denied by this Court on October 30, 1985, see our number 15,351, also see *Shead v. State*, 711 S.W.2d 345 (Tex.App.—Dallas 1986, P.D.R. refused

February 4, 1987, see our numbers 649–86, 650–86, 651–86, and 652–86), is another defendant who will probably benefit from today's decision.

In this instance, the State clearly let this appellant down in his effort to have a meaningful review of the revocation hearing that was held in the trial court, and this Court correctly orders that he be granted an out-of-time appeal. Justice, once again, triumphs in the Court of Criminal Appeals.

Probably what motivated me to write in this "Humpty Dumpty" case rests in the fact that the majority opinion devotes none of its time to discussing the duty of retained trial counsel, opting instead to give all of its attention to counsel who has been appointed only for the trial and who thereafter makes the good faith mistake of filing a written notice of appeal on behalf of the client. By the majority opinion's silence on this subject, I must assume that none of what it advocates is applicable to retained trial counsel and that this Court's decision of *Conrad v. State*, 537 S.W.2d 755 (Tex.Cr.App.1976), in which this Court implicitly held that a retained trial attorney's legal responsibilities automatically terminate at the conclusion of the trial, which is contrary to the legal duty that this Court places today upon an attorney who has only been appointed for trial purposes, will control in that instance.

Another reason that causes me to write is the majority opinion's use of *Harrison v. State*, 516 S.W.2d 192 (Tex.Cr.App.1974, for citation only purposes), as its linchpin to commence its travels to the conclusion it finally reaches.[1]

As reflected in the citation, as well as by the record of the cause, that opinion was only authored by a Commissioner of this Court, which opinion was not formally approved by this Court. It is axiomatic that an opinion by a Commissioner of this Court, which has not been approved by the En Banc Court, has absolutely no precedential value. At a maximum, it only rep-

---

1. The statements found in I *Tex.Crim. Practice Guide,* § 1.05[2], at pp. 1–54 were obviously based upon the assumed fact that *Harrison,* su-

pra, was an opinion that had been approved by the En Banc Court. However, as we shall see, that did not occur.

resents the views of that person, and nobody else.

The commissioner who wrote the formally unapproved opinion by this Court of *Harrison,* supra, first set out certain facts, namely: "The court-appointed trial counsel has advised this court by letter that he does not represent the appellant for purposes of appeal" and "there is nothing in the record to indicate that the trial court permitted appointed counsel to withdraw." Without citing any authority whatsoever, and not even discussing the subject, the commissioner then stated the following: "As far as this court is concerned the trial counsel still represents appellant on appeal." (192–193). That, of course, only represents his view on the subject, and not this Court's view.

Nevertheless, by plucking from *Harrison,* supra, an unsupported statement in law, and by using it as his authority, I find that this enables the author of the majority opinion to have a starting point for his short treatise on the subject of why counsel who is appointed only for trial purposes has purchased himself a free appellate case, even though counsel had no direct knowledge that this occurred or happened. The author of the majority opinion, thereafter by implicating the principle of law that unquestionably led to the passage of the amendment to Art. 26.04, V.A.C.C.P., which is not applicable to this cause because it was not in effect when notice of appeal was given in this cause, and by implicating the Disciplinary Rules of the Code of Professional Responsibility, which, because this Court held in *Pannell v. State,* 666 S.W.2d 96 (Tex.Cr.App.1984), do not for purposes of our criminal law have the force and effect of law, are also inapplicable to this cause, is able to swiftly glide his yacht named "Justice" into the out-of-time appeal port that is operated and managed by this Court.

The subject that I find this Court should be addressing is found within the concurring opinion that Justice Countiss filed when this cause was in the court of appeals. There, His Honor stated the following: "I am not entirely comfortable with

our decision, however, because I do not know who is at fault for this incomplete record." Justice Countiss then suggested in his opinion that the problem that occurred in this cause would probably not have existed "if the trial court had told the defendant at sentencing about certain basic appellate requirements", which he sets out in his opinion.

I find that if we must find a target to throw stones at, we should select this Court because it, and not appellant's counsel, is the guilty party that caused appellant's predicament; done by omission, if you please.

Why counsel filed the written notice of appeal is not reflected in the record before us. Notwithstanding this omission, I believe it is highly likely that counsel was probably operating on the premise that at that time written notice of appeal had to be given within 15 days of imposition of sentence, see Art. 40.08(b), V.A.C.C.P., if no motion for new trial was filed, and, because he did not then know whether he was going to file such a motion, which is permissible in a revocation of probation proceeding, see *Ausborne v. State,* 499 S.W.2d 179, 180 (Tex.Cr.App.1973), he chose to prematurely file the written notice of appeal to assure that the world would know that appellant wanted to appeal the trial court's order of revocation. In *Ex parte Drewery,* 677 S.W.2d 533 (Tex.Cr.App.1984), this Court puts its seal of approval to giving premature notice of appeal. Thus, it appears to me that counsel should be lauded, and not criticized, for his efforts to see that appellant received his constitutional appeal.

The time for giving notice of appeal, of course, is a critical stage of the proceedings. See, for example, *Thomas v. Beto,* 423 F.2d 642, 643 (5th Cir.1970). However, if the defendant is not advised at that time of his right to appeal, of the procedure and time limits involved, and his right to appointed counsel on appeal if indigent, the right to have review of what occurred in the trial court actually becomes a meaningless constitutional right and renders such right only an illusion. And, in order to eliminate any question about whether the

defendant received such advice, who better than the trial judge is best equipped to give that advice? This case, as many others with similar facts, makes it clear to me that it is certainly not trial counsel, whether counsel is court appointed or retained.

I am thus in agreement with Justice Countiss's suggestion that the only sure way to make certain that a foul-up such as occurred in this cause may not be repeated is to place the responsibility on the trial judge to advise the defendant at the proper time of his appellate rights, whether he be represented by retained or court appointed counsel. See *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) (Held, there is no longer any legal distinction between representation by court appointed counsel and retained counsel.) E.g., *U.S. ex rel. Smith v. McMann,* 417 F.2d 648 (2nd Cir.1969); *U.S. ex rel. Singleton v. Woods,* 440 F.2d 835 (7th Cir. 1971). Also see Rule 32(a)(2), F.R.C.P., and *Walters v. Harris,* 460 F.2d 988 (4th Cir. 1972). By virtue of such a holding, we will all know at which target our stones should be thrown, and will additionally give meaning to what Justice Draughn of the Houston Fourteenth Court of Appeals recently stated in that court's unpublished opinion of *Lynch v. State,* No. C14–86–687–CR, July 30, 1987 [Available on WESTLAW, TX–CS database]: "A State has the right to establish and enforce reasonable procedural rules for an appeal and to sanction the loss of appellate review if the rules are not followed. (Citations omitted.)"

Given what I have stated, I believe the reader will conclude as I have, that the majority opinion is largely an academic discussion on the legal duties that court appointed trial counsel might have after the trial has been completed.

I will close by pointing out that probably the most glaring omission in the majority opinion is its failure to discuss what a court of appeals must do if the appellate rules have not been complied with. Should the court of appeals simply ignore those rules and grant the defendant an out-of-time appeal, or should it enforce the rules and then let this Court ignore the procedural rules

and grant him an out-of-time appeal? Either way reflects badly upon our criminal justice system. In any event, the majority opinion gives no guidance to our intermediate appellate courts.

And that to me, in addition to what I have previously stated, is probably what causes it to be so seriously lacking.

For the above and foregoing reasons, I only agree with the majority opinion's conclusion, that appellant is entitled to be granted an out-of-time appeal.