Order filed September 8,
2011

 

 

                                                                       In The

                                                                              

Eleventh
Court of Appeals

 

                                                                   __________

 

                                                         No. 11-11-00074-CR 

                                                    __________

 

                    ARMANDO
CASTILLO CAMPOS, JR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 220th District Court

 

                                                        Comanche
County, Texas

 

                                            Trial Court
Cause No. CCCR-10-03300

 



 

                                                                     O
R D E R

            Armando
Castillo Campos, Jr. timely filed a notice of appeal from his convictions of
the offenses of aggravated sexual assault of a child and indecency with a child
by contact, for which he was sentenced to consecutive terms of confinement for
ninety-nine years and twenty years.  The district clerk has filed a clerk’s
record in this case, but the appeal has been unduly stalled due in part to the
lack of a reporter’s record.  Counsel for Campos asserts that Campos is
indigent and cannot afford to pay for the reporter’s record.  Counsel has filed
in this court a motion for remand to the trial court for a determination of
indigence.  In the motion, counsel, who did not represent Campos at trial,
states that he was hired by a third party to represent Campos on appeal and
that, when he initially contacted the court reporter, he was informed that a
reporter’s record would be furnished free of charge.  Upon learning thereafter
that Campos had not been previously determined by the trial court to be
indigent, counsel filed in the trial court an untimely request for a free
appellate record, which was supported by Campos’s affidavit of indigence.  See
Tex. R. App. P. 20.2.  The trial
court determined that it was without authority to act on the untimely request.

            An
indigent criminal defendant has a constitutional right to a free appellate
record in a first appeal of right.  See Griffin v. Illinois, 351 U.S.
12, 18-19 (1956); Abdnor v. State, 712 S.W.2d 136, 139 (Tex. Crim. App.
1986).  The failure of counsel to comply with a simple procedural rule, such as
timely filing a request for a free reporter’s record, may operate to deny a
defendant the opportunity to present his appeal at a meaningful time and in a
meaningful manner.  Ward v. State, 740 S.W.2d 794, 800 (Tex. Crim. App.
1987).  The “absence of a statement of facts renders appellant’s appeal a ‘meaningless
ritual.’”  Id. (quoting Evitts v. Lucey, 469 U.S. 387, 394 (1985)). 
We will abate the appeal so that the trial court, who is in the best position
to make such determinations, may resolve the issues surrounding Campos’s
asserted indigence.  See McFatridge v. State, 309 S.W.3d 1 (Tex. Crim.
App. 2010). 

            The
trial court is directed to conduct a hearing to determine the following:

1.     
whether Campos desires to prosecute his appeal;

2.     
whether Campos is indigent; and

3.     
if indigent, whether Campos is entitled to a free appellate record. 

The trial court
is requested to make appropriate findings and recommendations. If it is
determined that Campos is indigent and is entitled to a free appellate record,
the reporter’s record from trial is due for filing in this court immediately.  In
the event that the trial court determines that Campos is not indigent, the
appeal may be submitted without a reporter’s record pursuant to Tex. R. App. P. 37.3(c).

            The
clerk of the trial court is directed to prepare and forward to this court a
supplemental clerk’s record containing the findings, recommendations, and any
orders of the trial court.  The court reporter is directed to prepare and
forward to this court the reporter’s record from the indigency hearing.  The
supplemental records are due to be filed in this court on or before October 10,
2011.

            The
appeal is abated.

 

                                                                                                PER
CURIAM

 

September 8,
2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.