# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00073-CV

**In re Carolyn Barnes**

ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

# M E M O R A N D U M   O P I N I O N

Carolyn Barnes, acting pro se, filed an application for writ of mandamus in this Court seeking to compel the district clerk's filing of a record and seeking to set aside the district court's order revoking her surety bail bond, order of restoration commitment, and renewal order of civil commitment with criminal charges pending. The district court appointed counsel to represent Barnes and found Barnes incompetent to stand trial. Barnes's appointed counsel has not withdrawn.

Because Barnes has appointed counsel, her application to this court must be made through counsel, and her pro se filings with this Court effectively seek impermissible hybrid representation. "[A]ppointed trial counsel remains as the defendant's counsel for all purposes until he is expressly permitted to withdraw, even if the appointment was for the trial only." *Ward v. State*, 740 S.W.2d 794, 798 (Tex. Crim. App. 1987); *see Roberts v. State*, No. 03-97-00706-CR, 1999 Tex. App. LEXIS 1998, at *6-7 (Tex. App.—Austin 1998, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (West Supp. 2011) (requiring appointed counsel to "represent the defendant until charges are dismissed, the defendant is acquitted,

appeals are exhausted, or the attorney is permitted or ordered by the court to withdraw as counsel for the defendant after a finding of good cause is entered on the record").

Barnes's amended application for writ of mandamus is dismissed.

_____

Jeff Rose, Justice

Before Justices Puryear, Pemberton and Rose

Filed:   February 22, 2012