AP-77,041
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/16/2015 1:45:45 PM
Accepted 10/16/2015 2:04:44 PM
ABEL ACOSTA
CLERK

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN**

FILED IN
COURT OF CRIMINAL APPEALS

October 16, 2015

ABEL ACOSTA, CLERK

| | |
|---|---|
| **BRIAN SUNIGA,** **Appellant** § § § | |
| **v.** § § | **No. AP-77,041** |
| **THE STATE OF TEXAS,** **Appellee** § § § § | |
| _____ § | |

**SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME
IN WHICH TO FILE APPELLANT'S OPENING BRIEF**

Comes now, Brian Suniga, Appellant, by and through counsel and files this Second Unopposed Motion for Extension of Time in which to file Appellant's Opening Brief, in support whereof Appellant states the following:

I.

Appellant was convicted of capital murder and sentenced to death on May 20, 2014, in the 140th Judicial District Court, Lubbock County, Texas, the Honorable Jim B. Darnell presiding, Case No. 2012-434,109.

II.

Appellant filed a designation of the record on June 27, 2014. A Clerk's Record was initially filed on September 19, 2014, and a Reporter's Record was filed on April, 1, 2015. Upon numerous omissions in both the Clerk's Record and

1

the Reporter's Record being discovered by undersigned counsel, a "Motion to Abate Appeal for the Trial Court to Enter Findings of Fact and Conclusions of Law and for Completion of Record" was filed on April 29, 2015. That Motion also requested thirty days after completion of the record in which to file Appellant's Opening Brief, in accordance with TEX. R. APP. P. 38.6. Appellant's case was duly abated and remanded to the trial court on May 20, 2015. On June 22, 2015, additional volumes supplementing the Reporter's Record were filed. On the same date, a further volume of the Clerk's Record was filed, and a sealed volume of Clerk's Record was also filed. As instructed in this Court's Order of May 20, 2015, abating the case to the trial court, Appellant's Opening Brief then became due on July 22, 2015.

III.

Applicant subsequently filed a Motion for Extension of time on July 15, 2015. He requested an extension of 120 days, which would have resulted in a due date of November 19, 2015. Some of the grounds on which the extension of time was sought were the sheer length of the record, which now comprises a Reporter's Record of 44 volumes and a Clerk's Record of 5 volumes, and undersigned counsel's scheduled attendance at the National Federal Habeas Corpus Seminar in Charlotte, NC, from August 13-16, 2015 and a pre-booked, pre-paid trip, to visit

overseas family members. However, the primary need for the extension of time was created by counsel's representation of another death-sentenced inmate, Christopher Chubasco Wilkins, in whose case an execution date of Wednesday October 28, 2015, had recently been set.[1] This Court granted an extension of time for the filing of Mr. Suniga's opening brief, but to the current due date of October 20, 2015, rather than to the requested date of November 19, 2015.

## IV.

In addition to the setting of an execution date in Mr. Wilkins' case, counsel was also notified in July 2015 by the Tarrant County Criminal District Attorney's Office that Mr. Wilkins' case was one of many that have recently come to light in which there were discrepancies in the statistical analysis of DNA results, caused by flaws in the "population data" tables prepared by the FBI. *See, e.g,*, Website of the Texas Forensic Science Commission, www.fsc.texas.gov/blog/2015-08-21/notification-re-fbi-allele-frequency-corrections-and-dna-mixture-interpretation (last accessed October 15, 2015); Terri Langford, *Lawyers, Scientists Try to Unravel Thorny New DNA Standard,* The Texas Tribune, Sept. 18 2015.

---

[1]*See Wilkins v. State*, No. AP-75,878, 2010 Tex. Crim. App. LEXIS 622 * 1-3 (Tex. Crim. App. 2010)(not designated for publication); *Ex Parte Wilkins*, No. WR-75,229-01, 2011 Tex. Crim. App. Unpub. 70 (Tex. Crim. App. February 2, 2011)(not designated for publication).

V.

Undersigned counsel thereafter spent the vast majority of August and September working on the Wilkins case, including:

- Unsuccessfully seeking appointment in the 297th District Court of Tarrant County in order to file a successor application pursuant to TEX. CODE CRIM. PROC. Art. 11.071 § 5;

- Moving for a stay of execution and for funding in the United States District Court with which to file a successor application pursuant to TEX. CODE CRIM. PROC. Art. 11.071 § 5, and possible further federal proceedings, as well as a clemency application, *see Wilkins v. Stephens*, No. 12-CV-270-A (N.D. Tex.), ECF Docket Nos. 76-91;

- In the absence of any court-provided funding, locating a DNA expert willing to provide *pro bono* assistance in reviewing the DNA analyses in the case and to provide a declaration supporting a further motion for appointment of counsel and expert funding in the state court, and then working with that expert on the preparation of that preliminary declaration;

- In the absence of any court-provided funding, locating a toolmark expert willing to provide *pro bono* assistance in reviewing the State's toolmark evidence introduced at Mr. Wilkins' trial for suspected flaws, and to provide a declaration supporting a further motion for appointment of counsel and expert funding in the state court, and then working with that expert on the preparation of that preliminary declaration;

- Filing the further motion for appointment, and a motion for expert funding in the 297th District Court of Tarrant County seeking funds with which to explore the DNA issue and to enable litigation of identified problems in the State's toolmark evidence from Mr. Wilkins' trial;

- Investigation of Mr. Wilkins' case by undersigned counsel, in the absence of any funding for an investigator or mitigation specialist;

- Work on preparation of a successor habeas corpus application pursuant to

4

TEX. CODE CRIM. PROC. Art. 11.071 § 5 and preparation of a clemency application.

## VI.

On September 21, 2015, the State moved to withdraw Mr. Wilkins' execution date, in order to allow the parties to more fully investigate the DNA issues. That same day, the 297th Judicial District Court accordingly withdrew the execution date. Since that time, undersigned counsel has worked diligently on Mr. Suniga's case, in which counsel has already identified at least eleven points of error specific to this case, all of which are requiring legal research and extensive briefing to present the necessary arguments, along with eight points of error concerning challenges to the death penalty statute and sentencing scheme. It seems reasonable to predict that some further issues will arise as counsel's consideration of the record continues.

## VII.

In addition to other professional commitments, undersigned counsel now has a filing deadline in the United States Court of Appeal for the Fifth Circuit in Mr. Wilkins' case, *Wilkins v. Stephens*, No. 15-70033, of November 10, 2015.

## VIII.

A criminal appellant, just like a criminal defendant at trial, is entitled to the

5

effective assistance of counsel. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Ward v. State*, 740 S.W.2d 794 (Tex. Crim. App. 1987). While substantial progress has been made on Mr. Suniga's opening brief, too much work on it remains to be done for counsel to be able to complete and file the brief to a sufficient standard by the current due date of October 20, 2015. Undersigned counsel, therefore respectfully requests an additional 30 days in order to do so, resulting in a revised due date of November 19, 2015.

## IX.

Undersigned counsel spoke with Jeffrey Ford, Assistant Criminal District Attorney for Lubbock County, who is appellate counsel for the State of Texas in this matter, by telephone on October 15, 2015. Mr. Ford stated that he has no objection to Appellant's request for this extension of time.

## CONCLUSION AND PRAYER.

For the above stated reasons, counsel respectfully requests an extension of 30 days to Thursday, November 19, 2015 for the completion of Appellant's Opening Brief.

Respectfully submitted,

*Hilary Sheard*

_____
HILARY SHEARD
Law Office of Hilary Sheard
7421 Burnet Road # 300-512
Austin, Texas 78757
Phone (512) 524 1371
Fax (512) 646 7067
HilarySheard@Hotmail.com

*Attorney for Appellant .*

## CERTIFICATE OF SERVICE

I certify that on October 16, 2015, a copy of the foregoing pleading was served electronically via www.efileTexas.gov on:

Jeffrey S. Ford, Esq.
Chief - Appellate Division
Lubbock County District Attorney's Office
Lubbock County Courthouse
904 Broadway - 2nd Floor
P.O. Box 10536
Lubbock, Texas 79408.
JFord@LubbockCDA.com

*Hilary Sheard*

_____
Hilary Sheard.