**Order filed October 19, 2017**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00225-CR, 11-17-00226-CR, 11-17-00227-CR, & 11-17-00228-CR

_____

## JOEL DEREK ROJO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**
**Howard County, Texas**
**Trial Court Cause Nos. 14814, 14813, 14690, & 14689**

## O R D E R

Joel Derek Rojo timely filed notices of appeal from four judgments of conviction. The appeals are currently pending in this court, and the reporter's record is now past due. The trial court denied Appellant's request for a free copy of the record as being untimely filed. Appellant has now filed a motion in this court in which he asks for a reversal of the trial court's denial of Appellant's request for a free record. We abate the appeals.

Appellant was sentenced for each offense on August 11, 2017. On August 25, 2017, attorney Angela Moore filed the notices of appeal. Moore, who was retained to represent Appellant on appeal, did not represent Appellant at trial. Moore asserts that she sent her incarcerated client an affidavit of indigence to fill out and return to her and states that she mailed it to the trial court clerk on September 13. The clerk's records show that the motion for a free record and Appellant's affidavit were filed on September 15. The court reporter filed a contest to Appellant's claim of indigence[1] and requested a hearing. The next day, and apparently without a hearing, the trial court considered and denied Appellant's motion for a free record. In its order, the trial court first noted that Appellant had not previously been determined to be indigent and then denied the motion because "the filing was untimely" under TEX. R. APP. P. 20.2.

The trial court relied on Rule 20.2, which provides: "*Within the time for perfecting the appeal*, an appellant who is unable to pay for the appellate record may, by motion and affidavit, ask the trial court to have the appellate record furnished without charge. . . ." TEX. R. APP. P. 20.2 (emphasis added). Despite such language in the rules, the Court of Criminal Appeals has determined that the failure of counsel to comply with a simple procedural rule, such as timely filing a request for a free reporter's record, may operate to deny a defendant the opportunity to present his appeal at a meaningful time and in a meaningful manner. *Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1987). The "absence of a statement of facts renders appellant's appeal a 'meaningless ritual.'" *Id.* (quoting *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)). Under *Ward*, we cannot uphold the trial court's order in these appeals on the basis of untimeliness.

---

[1]We note that the court reporter has filed a response to Appellant's motion in this court. In her response, the court reporter challenges Appellant's claim of indigence and takes issue with various statements made by Appellant's attorney.

Because the trial court has not determined the merits of Appellant's claim of indigence and the court reporter's contest, we will abate the appeal so that the trial court, who is in the best position to make such determinations, may resolve those issues. *See McFatridge v. State*, 309 S.W.3d 1 (Tex. Crim. App. 2010). We express no opinion as to the merits of those issues, but we note that an indigent criminal defendant has a constitutional right to a free appellate record in a first appeal of right. *See Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956); *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986). An indigent appellant—one who "cannot pay or give security for the appellate record"—must be furnished with a free appellate record. TEX. R. APP. P. 20.2; *Tuck v. State*, 215 S.W.3d 411, 414 (Tex. Crim. App. 2007). The determination of indigence is made on a case-by-case basis and is based upon the appellant's financial status at the time of the appeal. *McFatridge*, 309 S.W.3d at 5; *Tuck*, 215 S.W.3d at 414–15. Additionally, in making an indigence determination, a court is not to consider outside sources, such as relatives and employers, unless they are legally bound to pay for the defendant's appellate expenses.[2] *Abdnor*, 712 S.W.2d at 142. An appellant should not be deprived of a free reporter's record by the mere fact that he was represented by retained counsel at trial. *Id.*

The Court of Criminal Appeals has adopted a two-step process to guide courts in making indigence determinations for purposes of a free record for appeal. *McFatridge*, 309 S.W.3d at 6. First, the appellant must make a prima facie showing of indigence. *Id.* If the appellant satisfies his initial burden of production, the burden then shifts to the opponent to show that the appellant is not indigent. *Id.* Unless

---

[2]We note that the court reporter indicates that "TMPA" may be bound to pay for the record, which the court reporter estimates will cost approximately $7,000.

there is some basis in the record to find the prima facie showing to be inaccurate or untrue, the trial court should accept it as sufficient to find the appellant indigent. *Id.*

Accordingly, we abate these appeals and direct the trial court to conduct a hearing to determine the following:

1. Whether Appellant desires to prosecute his appeals;

2. Whether Appellant is indigent; and

3. Whether Appellant, if indigent, is entitled to a free appellate record.

The trial court is requested to make appropriate findings and recommendations. The clerk of the trial court is directed to prepare and forward to this court supplemental clerk's records containing the findings, recommendations, and any orders of the trial court. If it is determined that Appellant is *not* indigent and is *not* entitled to a free reporter's record, the court reporter is directed to prepare and forward to this court the reporter's record from the indigency hearing. The supplemental clerk's records and, if necessary, the reporter's record from the indigency hearing are due to be filed in this court on or before November 8, 2017.

PER CURIAM

October 19, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.