**Order filed January 19, 2018**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-17-00221-CR & 11-17-00251-CR

_____

## ROBERT LICON, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause Nos. D-16-1769-CR & D-16-1768-CR**

## O R D E R

Appellant's retained counsel, Jennifer Clayton, has filed a motion to withdraw as attorney of record in these appeals. In her motion to withdraw, counsel asserts that there is an irreconcilable conflict of interest between Clayton and Appellant, "as Appellant has failed to fulfill his contractual obligations regarding services" and "has shown no intention to resolve the matter." We note that Appellant's briefs are currently due and that no reporter's record has been filed in either appeal. Documents on file in each appeal reflect that the lack of a reporter's record is due to

Appellant's failure to pay for the record or make arrangements to pay for the record and also to Clayton's failure to submit a request for preparation or a written designation of the record. We abate the appeals.

The clerk's records reflect that the trial court previously determined that Appellant was indigent and appointed counsel to represent him. In light of these circumstances, it appears that Appellant, who was sentenced to confinement for life in these causes, may be entitled to court-appointed counsel and to a reporter's record at no cost to him. Therefore, we abate the appeals and remand the causes to the trial court so that it may determine the following:

1. Whether Appellant desires to prosecute these appeals;

2. Whether Clayton should be permitted to withdraw;

3. Whether Appellant is indigent;

4. If not indigent, whether Appellant has retained counsel to proceed with these appeals after the abatement;

5. If Appellant is indigent, whether Appellant desires to have counsel appointed to represent him in these appeals or whether, after being warned of the dangers and disadvantages of self-representation, Appellant competently and intelligently chooses to exercise the right to represent himself; and

6. If Appellant is indigent, whether Appellant desires a free reporter's record.

*See Faretta v. California*, 422 U.S. 806 (1975) (relating to counsel); *see also Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956) (relating to free record); *Tuck v. State*, 215 S.W.3d 411, 414 (Tex. Crim. App. 2007) (relating to free record); *Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1987) (counsel's untimely request for reporter's record may not operate to deny a defendant the opportunity to present appeal in a meaningful manner). We note that Appellant need not appear in person at the hearing and that the trial court may permit him to appear via telephone. The trial court is directed to make appropriate findings and recommendations and to

appoint appellate counsel if appropriate. The trial court clerk is directed to prepare and forward to this court supplemental clerk's records containing the findings, recommendations, and any orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before February 20, 2018.

These appeals are abated.

PER CURIAM

January 19, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.