**Order filed May 5, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00225-CR
_____

## ALYSSA GAYLE LITWIN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 266th District Court**
**Erath County, Texas**
**Trial Court Cause No. CR15315**

---

## O R D E R

This appeal has become stalled due to the failure of Appellant's retained counsel, R. Shay Isham, to file an appellate brief. The brief was originally due on March 17, 2022. Neither the brief nor a motion for extension of time was filed by that date. On March 25, this court notified Isham that the brief was past due, and we granted an extension of time on our own motion. In the March 25 letter, we stated that compliance with the court's deadlines a serious matter, and we directed Isham

to file the brief on or before April 18, 2022. As of the date of this order, he has not filed an appellate brief or any other response to our March 25 letter.

Isham previously informed the clerk of this court that Appellant wished to dismiss her appeal; however, Isham has not filed a motion to dismiss this appeal. Our records indicate that Isham filed the notice of appeal in the trial court on September 23, 2021, and the docketing statement in this court on September 28, 2021, but that he has filed nothing in this court since that date.

We note also that no reporter's record was filed in this appeal. Documents on file in this court reflect that the lack of a reporter's record is due to Appellant's failure to pay for the record or make arrangements to pay for the record.

In light of the above concerns, we abate this appeal and remand the cause to the trial court so that it may determine the following:

1. Whether Appellant desires to prosecute her appeal;

2. Whether Appellant is indigent;

3. If Appellant is not indigent, whether Appellant's retained counsel, R. Shay Isham, intends to proceed with this appeal after the abatement;

4. If Appellant is indigent, whether Appellant desires to have counsel appointed to represent her in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Appellant competently and intelligently chooses to exercise the right to represent herself; and

5. If Appellant is indigent, whether she desires a free reporter's record.

*See Faretta v. California*, 422 U.S. 806 (1975) (relating to counsel); *see also Griffin v. Illinois*, 351 U.S. 12, 18–19 (1956) (relating to free record); *Tuck v. State*, 215 S.W.3d 411, 414 (Tex. Crim. App. 2007) (relating to free record); *Ward v. State*, 740 S.W.2d 794, 800 (Tex. Crim. App. 1987) (counsel's untimely request for reporter's record may not operate to deny a defendant the opportunity to present appeal in a meaningful manner). We note that Appellant need not appear in person

at the hearing and that the trial court may permit her to appear via telephone or other electronic means. The trial court is directed to make appropriate findings and recommendations and to appoint appellate counsel if appropriate. The trial court clerk is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before June 6, 2022.

The appeal is abated.

PER CURIAM

May 5, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.