

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,720-01

## EX PARTE JIMMY GONZALES, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20681-A IN THE 23RD DISTRICT COURT WHARTON COUNTY

**SLAUGHTER, J.,** filed a concurring opinion.

## CONCURRING OPINION

I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to emphasize the importance of appellate counsel's duty to timely inform clients of their right to file a *pro se* PDR following the resolution of their direct appeals by the courts of appeals. It appears that appellate counsel here failed to adequately inform Applicant of this right after the court of appeals affirmed his conviction, thereby depriving Applicant of his ability to pursue review in this Court. This type of situation happens far too frequently and is a troubling sign that some appellate attorneys are failing to properly communicate with their

clients (particularly those who are incarcerated) regarding their right to seek discretionary review.

The record here reflects that appellate counsel was appointed to represent Applicant for his direct appeal, and counsel subsequently filed an *Anders* brief. The court of appeals issued an opinion affirming Applicant's conviction on November 29, 2018. *Gonzales v. State*, No. 13-18-00193-CR, 2018 WL 6218531 (Tex. App.—Corpus Christi–Edinburgh Nov. 29, 2018, no pet.) (mem. op., not designated for publication). However, Applicant alleges that appellate counsel never informed him of the outcome of his appeal. Applicant attached documentation from the TDCJ mailroom stating that there is no record of him receiving any legal mail from November 29, 2018, to December 29, 2018.

In response to the allegations, appellate counsel admits that he did receive an email from the court of appeals informing him of its opinion in Applicant's case. Appellate counsel further acknowledges that he failed to provide Applicant a copy of the opinion or inform him of the decision. However, appellate counsel also asserts that he previously notified Applicant of his right to file a *pro se* PDR in writing at the time that he filed Applicant's appeal.[1] Nevertheless, because counsel failed to inform Applicant of the appellate court's decision, Applicant was unaware that he should file his PDR with this Court.

---

[1] Specifically, counsel asserts that after filing his *Anders* brief in the court of appeals, he sent Applicant a letter stating that Applicant could seek discretionary review with this Court if the court of appeals were to deny relief. Appellate counsel attached the letter, dated August 28, 2018.

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, his appellate counsel still has the duty to notify him of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). As the language of this rule makes clear, informing the client of the right to pursue discretionary review *before* the court of appeals' decision on the case does not discharge the lawyer's duty. Instead, it is only *after* the court of appeals has issued its decision that appellate counsel should, within five days, send the client a copy of the court's opinion along with notification of the client's right to file a *pro se* PDR. *See id.* Also, to ensure that the appellate record properly reflects that counsel has fulfilled this duty, counsel should forward this correspondence to the appellate court along with a letter verifying that he has complied with the rule. *Id.*

More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1). Ultimately, appellate counsel's failure to adequately communicate with clients about the status of their direct appeals is unfair to clients and falls short of the standard for professionalism set forth in the disciplinary rules. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that, by bringing attention to this issue, appellate attorneys will be motivated to take preventative measures to ensure that such situations do not occur in the future.

With these comments, I join the Court's opinion.

Filed: January 11, 2023

Publish