

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00304-CR

_____

JESUS EDUARDO SALAS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1830004

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Jesus Eduardo Salas attempts to appeal his convictions for sexual assault of a child and indecency with a child by sexual contact. *See* Tex. Penal Code Ann. §§ 21.11(d), 22.011(a)(2). Appellant pleaded guilty to both offenses pursuant to a plea-bargain agreement, and the trial court sentenced him to two concurrent ten-year confinement periods. Although no reporter's record exists from the hearing on the plea agreement, under the written plea admonishments that Appellant signed, Appellant waived his right to appeal.

Appellant specifically acknowledged, "I am aware of the consequences of my plea," and "I waive all rights of appeal in this case." He also acknowledged that his "attorney [had] discussed with [him] the law and facts" and that he made the plea agreement "knowingly, freely, and voluntarily." Consistent with Appellant's plea-bargain agreement, the trial court's "Certification of Defendant's Right of Appeal" reflects that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d).

On August 21, 2025, we notified Appellant of the trial court's certification and warned him that we would dismiss the appeal unless we received a response by September 2, 2025, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3. Although Appellant filed a jurisdictional response including a motion to abate, he failed to show grounds for abating or continuing the appeal.

Appellant suggests the possibility that his trial counsel—who had not withdrawn—may have been ineffective by not filing a motion for new trial: "If [Appellant] was deprived of counsel during that thirty-day period, then his Sixth Amendment right to counsel was violated." He asks this court to abate the appeal to permit him to file an out-of-time new-trial motion. But when a new-trial motion is not filed, a rebuttable presumption arises that the defendant was adequately advised by counsel and that the defendant considered and rejected the new-trial motion. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998). This presumption arises, in part, because counsel remains as defense counsel for all purposes until expressly permitted to withdraw. *See Ward v. State*, 740 S.W.2d 794, 796 (Tex. Crim. App. 1987).

Appellant's response does not overcome this presumption, and he has not shown any "truly extraordinary circumstances" that would allow for an out-of-time new-trial motion. *See Anthony v. State*, No. 02-23-00023-CR, 2023 WL 4780926, at *1 n.2 (Tex. App.—Fort Worth July 27, 2023, no pet.) (amended mem. op., not designated for publication) (quoting *Oldham*, 977 S.W.2d at 360). Accordingly, we deny Appellant's motion to abate to permit him to file such a motion. Because Appellant has not shown grounds for continuing this appeal, we dismiss it. *See* Tex. R. App. P. 25.2(d), 43.2(f); *see Anthony*, 2023 WL 4780926, at *1 n.2.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 9, 2025