AP-77,041
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/24/2016 3:37:04 PM
Accepted 5/24/2016 3:47:40 PM
ABEL ACOSTA
CLERK

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN**

| | |
|---|---|
| **BRIAN SUNIGA,** **Appellant** | § § § |
| **v.** | § § |
| **THE STATE OF TEXAS,** **Appellee** | § § § § |
| _____ | § § |

**No. AP-77,041**

## UNOPPOSED MOTION TO EXTEND TIME TO FILE REPLY BRIEF AND TO RESET DATE OF ORAL ARGUMENT

### ** *EXPEDITED RULING REQUESTED* **[1]

Comes now, Brian Suniga, Appellant, by and through his appointed counsel and files this unopposed motion to extend the time for filing of his reply brief until June 30, 2016, and to reset the date currently scheduled for oral argument, in support whereof Appellant states the following:

---

[1] TEX. R. APP. P. 10.3 (a)(1) states that "A court should not hear or determine a motion until 10 days after the motion was filed," unless the motion is one requesting an extension of time in which to file a brief, or is unopposed. Jeffrey S. Ford, Esq., Assistant Criminal District Attorney for Lubbock County, has informed undersigned counsel that the State of Texas has no objection either to an extension of time for the filing of a reply brief, or to the postponement of oral argument.

## I.

Appellant was convicted of capital murder and sentenced to death in the 140th Judicial District Court, Lubbock County, Texas, the Honorable Jim B. Darnell presiding, *State of Texas v. Brian Suniga*, Case No. 2012-434,109. Direct appeal is automatic in this case, pursuant to TEX. CODE CRIM. PROC. Art. 37.071(h).

## II.

Appellant's Opening Brief was filed on February 22, 2016, contained seventeen different points of error and was 195 pages in length. The State's Brief was filed yesterday, May 23, 2016, and runs to 146 pages.

## III.

Previously, the State of Texas had sought and obtained an extension of time for the filing of its brief to June 21, 2016. The State then decided to file a month earlier than anticipated. Having become aware that the State would be filing early, undersigned counsel began drafting a motion requesting this Court to allow sufficient time in which to prepare and file a reply brief, so as to avoid the case being decided without the benefit of a reply brief, as is possible under TEX. R. APP. P. 38.3 (providing that "[t]he appellant may file a reply brief addressing any matter in the appellee's brief. However, the appellate court may consider and decide the

2

case before a reply brief is filed."

## IV.

Under TEX. R. APP. P. 38.6 (c), "A reply brief, if any, must be filed within 20 days after the date the appellee's brief was filed."  Mr. Suniga's reply brief as of now would be due within twenty days of the filing of the State's brief, namely on June 13, 2016.  However, in light of the number of issues involved and the length of the State's brief, Mr. Suiga's draft motion requested an extension of time to June 30, 2016 for the filing of the Reply.[2]  That extension of time was not opposed by the State, which had indicated to the undersigned that it was amenable to an extension of six weeks.

## V.

However, even before the State's brief was formally filed on the court's website, counsel received notice that oral argument has been scheduled for Wednesday, June 15, 2016, which is only two days after the current deadline for the reply brief.

---

[2]Additionally, Monday, May 30, 2016 is the Memorial Day holiday, and undersigned counsel has a pre-paid personal out-of-state trip booked from June 10-13, 2016.  No previous extensions of time have been sought for the purpose of filing a reply brief.  With regard to the setting of a new date for oral argument, counsel for the State of Texas has informed the undersigned that he has a pre-planned vacation from July 1-July 6, 2016, and would be grateful if those dates could be avoided.

VI.

Individuals who have been convicted of capital crimes are constitutionally entitled to the effective assistance of appellate counsel. *See, e.g.*, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985)(holding criminal appellant is entitled to effective assistance of counsel); *Ward v. State*, 740 S.W.2d 794 (Tex. Crim. App. 1987)(same).[3] Filing a reply brief on Mr. Suniga's behalf in order to refute the State's arguments is essential to providing effective assistance of appellate counsel.

VII.

Although the right to an appeal is one created by state law, *Evitts*, 469 U.S. at 393, if a State has created appellate courts as "an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant," *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) the procedures used in deciding appeals must comport with the demands of the due process clause of the federal Constitution. *See also Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980)(arbitrary denial of state procedural right denies due process of law).

---

[3]*See also* State Bar of Texas: *Guidelines and Standards for Texas Capital Counsel*, Texas Bar Journal 966-982 (November 2006), *see* Guideline 12.2.A.9: "Counsel should be prepared to prepare and file a Reply Brief in opposition to any brief filed by the District Attorney's Office within a timely manner."

4

VIII.

The Due Process Clause requires, at a minimum, that "deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965); *see also Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) ("The fundamental requisite of due process of law is the opportunity to be heard" (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). In the context presented here—a direct appeal in a death case—due process requires, indeed, "presupposes"—"the opportunity to be heard, to argue and present evidence." *Townsend v. Sain*, 372 U.S. 293, 312 (1963). See also *Ford v. Wainwright*, 477 U.S. 399, 413 (1986) *quoting Grannis*, 234 U.S. at 394; *Panetti v. Quarterman*, 551 U.S. 930, 949 (2007)(explaining that protection afforded by procedural due process includes a fair hearing in accord with fundamental fairness).

IX.

Without the opportunity to receive a thoroughly-prepared reply brief from Appellant, the Court will be deprived of arguments or authorities that should be considered by the Court, and by the parties, in preparing for oral argument.[4]

---

[4]Undersigned counsel notes that the operating procedures of the Texas Supreme Court specifically provide a period of thirty days after the "response brief on the merits is filed," before its clerks prepare a "study memo" concerning the

Without an adequate opportunity to respond in writing to an appellee's arguments, the appellant may be forced to provide the Court with multiple supplementary authorities or case references at the oral argument itself. Moreover, having the reply brief available to the Court well before oral argument will assist the Court in narrowing and focusing the issues, and in anticipating the points of contention likely to arise.

X.

Without having been able to research the issue fully in the time available, undersigned counsel notes that requests to extend the time for filing of a reply brief have been granted in other capital appeals, *see, e.g.*, *State v. James Freeman*, No. AP-76,052 (56 days between filing of state's brief and filing of reply); *State v. Tedderick Batiste*, No. AP-76,600 (41 days between filing of state's brief and filing of reply). In other cases, both requests for extensions of time to reply and requests to reset oral argument have been granted: *State v. Armando Leza*, No. AP-76,157 (76 days between filing of state's brief and filing of reply; oral argument reset); *State v. Areli Escobar*, No. AP-76,571 (85 days between filing of state's brief and

---

potential disposition of the case. *See* Blake Hawthorne, Clerk of Texas Supreme Court, *Supreme Court of Texas: Internal Operating Procedures*, May 8, 2015 at VI.B.6 www.txcourts.gov/media/1047308/internal-operation-procedures-2015-appendix.pdf (last accessed May 24, 2016).

filing of reply; oral argument reset).  Therefore, precedent exists for granting the relief that Mr. Suniga requests and that the State does not oppose.

XI.

Mr. Suniga wishes his reply brief to be given full consideration by this Court prior to oral argument, and before it decides any issue in his case.  He therefore respectfully requests that this Honorable Court (1) grant him until June 30, 2016, to file his reply brief, and (2) reset the date of oral argument until two or more weeks after the reply brief is filed.

**CONCLUSION AND PRAYER.**

WHEREFORE, Appellant Brian Suniga, prays that this Honorable Court will permit him until June 30, 2016, to file his reply, and for the Court to reset the date of oral argument in the case until two or more weeks after the filing of his reply.[5]

---

[5]The undersigned will, in any event, attend oral argument whenever it is held, and in accordance with the notice of oral argument filed yesterday, will notify the Court within ten days as to which points of error will be argued.

Respectfully submitted,

_Hilary Sheard_

_____

HILARY SHEARD
Law Office of Hilary Sheard
7421 Burnet Road # 300-512
Austin, Texas 78757
Phone (512) 524 1371
Fax (512) 646 7067
HilarySheard@Hotmail.com

*Attorney for Appellant .*

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2016, a copy of the foregoing pleading was served electronically via www.efileTexas.gov on:

    Jeffrey S. Ford, Esq.
    Chief - Appellate Division
    Lubbock County District Attorney's Office
    Lubbock County Courthouse
    904 Broadway - 2nd Floor
    P.O. Box 10536
    Lubbock, Texas 79408.
    JFord@LubbockCDA.com


_____
        Hilary Sheard.