

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1085-20

---

**ANDRE MONTREL WOODS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### ANGELINA COUNTY

---

*Per curiam.*

### O P I N I O N

Appellant was convicted of murder by a jury and sentenced to life imprisonment. The trial court appointed appellate counsel.

When the trial court clerk originally filed the record in the court of appeals, the clerk failed to include the court's charge from guilt/innocence and the corresponding jury verdict. Appellate counsel requested supplementation of the clerk's record without specifying which documents were missing. Several months later, counsel sent another request for supplementation, this time specifically seeking supplementation with the

court's charge from the guilt/innocence phase.

Counsel eventually filed an appeal brief alleging three points of error, all of which are based entirely on the fact that the court's charge on guilt and the verdict were missing from the clerk's record. About a week after the brief was filed, the clerk's record was supplemented to include the charge on guilt and the verdict. The court of appeals issued an opinion, holding that all three of appellant's issues were without merit in view of the fact that the record had been supplemented with the documents. *Woods v. State*, No. 12-19-00350-CR slip op. (Tex. App.–Tyler Oct. 30, 2020)(not designated for publication).

*Pro se* appellant has filed a petition for discretionary review, alleging that his counsel was ineffective, that he was denied a meaningful appeal, and seeking the appointment of another appellate counsel or the ability to file a *pro se* appeal. We agree that appellant was denied a meaningful appeal.

The three issues presented in appellant's brief on appeal all seek relief based upon the claim that the court's charge at guilt/innocence, and its corresponding jury verdict, were not contained within the clerk's record. When the record was supplemented with those documents a week after the brief was filed and well before appeal was final, the three points of error were rendered procedurally moot. As such, appellant effectively received no meaningful appeal. He was, at the very least, entitled to appellate counsel who would file an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *see also Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

We summarily grant appellant's petition, vacate the decision of the court of

appeals and remand to that court with instructions to abate the appeal and remand the cause to the trial court so that appellant may be returned to the point in time at which he may, with the aid of counsel, obtain a meaningful appeal. *See Ward v. State*, 740 S.W.2d 794 (Tex. Crim. App. 1987). Further, all time limits shall be calculated as if the notice of appeal were given on the date the mandate issues from this Court.

DELIVERED February 10, 2021
DO NOT PUBLISH