

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,106-01

### EX PARTE DAVID ALLEN VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-16-0943-A-WHC1 IN THE 22ND DISTRICT COURT
### HAYS COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to emphasize the importance of appellate counsel's duty to stay informed of updates on their pending cases. It appears that appellate counsel here failed to stay apprised of the court of appeals' decision on Applicant's case, which then resulted in counsel's failure to timely inform Applicant of his right to file a *pro se* PDR. This happens far too frequently and is a troubling sign that some appellate attorneys are failing to stay abreast of developments in their

clients' cases and are failing to properly communicate with their clients (particularly those who are incarcerated).

I certainly understand and acknowledge that we are all human beings who make mistakes. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay informed about their pending cases. Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases.

Appellate counsel was appointed to represent Applicant for his direct appeal. The court of appeals issued an opinion affirming Applicant's conviction on July 14, 2020. *Vasquez v. State*, NO. 01-19-00031-CR, 2020 WL 3969721 (Tex. App.—Houston [1st Dist.] July 14, 2020, no pet.) (mem. op., not designated for publication). However, according to his affidavit that is part of the habeas record, appellate counsel failed to open the email notifying him of the court's decision. As a result, appellate counsel did not learn of the court's ruling until January 24, 2021—over six months later. Appellate counsel then

informed Applicant of the court of appeals' decision. By this time, Applicant's right to file a PDR had expired.[1]

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although it is true that a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, his appellate counsel still has the duty to notify him of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added).

Additionally, the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed

---

[1] After learning of the court of appeals' decision, appellate counsel did advise Applicant to file the present application for post-conviction habeas relief seeking an out-of-time PDR. Therefore, I do commend counsel for owning up to his mistake and attempting to fix it.

decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Of course, the duty to keep clients informed necessitates lawyers being informed of case updates themselves. Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1).

When appellate counsel fails to timely notify a defendant of his right to pursue discretionary review, he potentially deprives his client of an entire proceeding. *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform his client of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding"). Ultimately, such a failure is unfair to defendants and is unprofessional. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I also note that, when appellate counsel *does* advise his client of the right to seek discretionary review, as he is required to do, counsel should forward the return receipt of the letter to the appropriate court of appeals, as required by Texas Rule of Appellate Procedure 48.4, to ensure that the appellate record properly reflects that counsel has fulfilled his duty in this regard.

With these comments, I join the Court's opinion.


Filed: October 5, 2022

Publish