

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,278-01

### EX PARTE JOHNNIE EDISON CARTER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15-22215-A IN THE CRIMINAL DISTRICT COURT
### JEFFERSON COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to emphasize the importance of appellate counsel's duty to inform clients of their right to file a *pro se* PDR following the resolution of their direct appeal by the court of appeals. It appears that appellate counsel here wholly failed to inform Applicant of this right, thereby depriving Applicant of his ability to pursue review in this Court. This happens far too frequently and is a troubling sign that some appellate attorneys are failing to properly communicate with their clients (particularly those who are incarcerated).

I certainly understand and acknowledge that we are all human beings who make mistakes. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action.").

Appellate counsel was appointed to represent Applicant for his direct appeal. The court of appeals issued an opinion affirming Applicant's conviction on June 8, 2022. *Carter v. State*, No. 09-20-00175-CR, 2022 WL 2056978 (Tex. App.—Beaumont June 8, 2022, no pet.) (mem. op., not designated for publication). However, Applicant alleges that appellate counsel never informed him of the outcome of his appeal or of his ability to file a *pro se* PDR. Applicant contends that he did not know his conviction had been affirmed until he received a letter from the clerk of the court of appeals on August 19, 2022. By this time, Applicant's right to file a PDR had expired.

In response to Applicant's allegations, appellate counsel filed two affidavits and attached related documentation. Appellate counsel explained that he understood it could be difficult to correspond with inmates, so he frequently gave documents and letters to an assigned family member so they could then pass on the information to the incarcerated client. In Applicant's case, appellate counsel had previously delivered information such as the appellate record and briefs through Applicant's brother. In regards to informing Applicant of the court of appeals' decision, appellate counsel stated, "I feel reasonably

certain that I promptly notified Johnnie Carter's brother, Derrick Carter, by telephone of the outcome of the case so he could notify Johnnie, although I am not sure exactly what the date was, and I do not remember details of said call." Appellate counsel does not claim to have directly informed Applicant of the outcome of the appeal or of his right to file a *pro se* PDR. Additionally, it does not appear that appellate counsel sent a copy of the opinion to Applicant via certified mail, nor did he file a copy of any letter or receipt in the court of appeals, pursuant to Rule 48.4 of the Texas Rules of Appellate Procedure.

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although it is true that a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, his appellate counsel still has the duty to notify him of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). Counsel's duty is not discharged by merely passing off the obligation to inform his client to a family member. Instead, counsel "must ensure that *his client* has been informed of his right to file a *pro se* PDR . . . ." *Schulman*, 252 S.W.3d at 411 (emphasis added).

In fact, the family member is not counsel's client and should not be treated as such. Discussing client matters with a family member can lead to breaches of attorney-client confidentiality. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.05(b)(1)(ii), (c)(1)–( 2) (a lawyer shall not knowingly reveal client confidential information to anyone else without client authorization or consent); *see also* Tex. Disciplinary Rules Prof'l Conduct R. 1.08(e) & cmt 5 (any arrangement in which fees are paid for by a third party must conform with the attorney's duties of loyalty and confidentiality to the client). Moreover, lawyers are ethically obligated to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b).

When appellate counsel fails to timely notify a defendant of his right to pursue discretionary review, he potentially deprives his client of an entire proceeding. *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform his client of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding"). Ultimately, such a failure is unfair to defendants and is unprofessional. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I also note that, when appellate counsel *does* advise his client of his right to seek discretionary review, as he is required to do,

counsel should forward the return receipt of the letter to the appropriate court of appeals, as required by Texas Rule of Appellate Procedure 48.4, to ensure that the appellate record properly reflects that counsel has fulfilled his duty in this regard.

With these comments, I join the Court's opinion.

Filed: November 16, 2022

Publish