

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,456-01

### EX PARTE MUHAMMAD HAROON RASHID, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 14-DCR-066280C HC-1 IN THE 458TH DISTRICT COURT FORT BEND COUNTY

SLAUGHTER, J., filed a concurring opinion.

### CONCURRING OPINION

I join in the Court's decision to grant Applicant postconviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding their right to file a *pro se* PDR following the resolution of their direct appeal by the courts of appeals. It appears that appellate counsel here failed to adequately inform Applicant of this right, thereby depriving him of his ability to pursue review in this Court. This situation happens far too frequently and is a troubling sign that some appellate

attorneys are failing to properly communicate with their clients (particularly those who are incarcerated) regarding their right to seek discretionary review.

**I.     Background**

Following Applicant's conviction for engaging in organized criminal activity in 2019, appellate counsel was appointed to represent him for his direct appeal. The court of appeals subsequently issued an opinion affirming Applicant's conviction on July 1, 2021. *Rashid v. State*, No. 01-19-00826-CR, 2021 WL 2690890 (Tex. App.—Houston [1st Dist.] July 1, 2021, no pet.) (mem. op., not designated for publication). In his instant postconviction habeas application, Applicant alleges, among other things, that appellate counsel failed to accurately inform him of the time limit to file a PDR and failed to advise him that he could pursue a PDR *pro se*. The record reflects that on July 10, 2021, appellate counsel sent Applicant a letter with the court of appeals' opinion enclosed. Relevant portions of the letter state:

> The matter is not closed officially until the Court of Appeals issues a mandate. When I get that I will forward it to you. The mandate is the final order of the appeal and that starts your timetable if you wish to pursue this further. You do have a right to ask the Court if [sic] Criminal Appeals to look at the matter further. This is called a Petition for Discretionary Review and it is very rarely granted. You will have 30 days from the date of the mandate to ask the Court of Appeals for Discretionary Review.
> Mr. Rashid in my humble opinion any further appeals is a waste of time. The Court typically does not pay for the Discretionary Review so you will probably have to pay your own attorney. In my opinion it is a waste of money.

Later, on September 12, 2021, appellate counsel sent Applicant a second letter that contained a copy of the appellate mandate. In the letter, appellate counsel reaffirmed his prior statements, including that Applicant had "30 days from the date of the mandate to

seek" a PDR. Appellate counsel once again noted that "the trial court is only required to pay for your direct appeal so if you wish to ask for discretionary review you will have to hire your own lawyer."

In response to Applicant's allegations, appellate counsel filed an affidavit asserting that he did send Applicant a copy of the court of appeals' opinion and its mandate. However, counsel admits that the letters he sent Applicant were insufficient as they "did not notify [Applicant] he could proceed *pro se* to do a Petition for Discretionary Review." Counsel also notes that his letters were not sent via certified mail, as is required by Rule 48.4 of the Rules of Appellate Procedure.[1]

## II.     Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, his appellate counsel still has the duty to notify him of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy**

---

[1] Counsel explains that "There [sic] is where my first 26 years spent as a prosecutor left me without a bit of practical knowledge as I was unaware that a prisoner could be served via certified mail."

> **of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification **shall be sent certified mail**, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added).

Here, appellate counsel's communications with Applicant regarding his right to file a *pro se* PDR were lacking in almost every respect. First, appellate counsel erroneously advised Applicant that the PDR should be filed with the court of appeals, rather than this Court. *See* TEX. R. APP. P. 68.2. ("The petition and all copies of the petition must be filed with the clerk of the Court of Criminal Appeals."). Second, appellate counsel did not timely send Applicant a copy of the court of appeals' opinion and judgment within 5 days of issuance, instead sending the letter with the opinion enclosed almost 10 days after the opinion was issued. TEX. R. APP. P. 48.4. Third, as counsel admits, he did not send the notification to Applicant via certified mail, as required by the rules. *See id.* Fourth, appellate counsel advised Applicant that the 30-day time period to file a PDR begins after the appellate mandate issues. This is incorrect. A PDR must be filed within 30 days after "the day the court of appeals' judgment was rendered[.]" TEX. R. APP. P. 68.2(a). The appellate mandate is distinct from the court of appeals' judgment. *See* TEX. R. APP. P. 18.1 ("The clerk of the appellate court that rendered the judgment must issue a mandate in accordance with the judgment . . ."). Appellate counsel here sent Applicant a copy of the appellate mandate on September 12, 2021, and erroneously advised him that he had "30 days from the date of the mandate to seek" a PDR. By that time, however, the time for

filing a PDR had already passed, as the court of appeals' opinion issued on July 1, 2021. Lastly, and arguably most importantly, counsel failed to inform Applicant of his right to file a *pro se* PDR, instead repeatedly suggesting that Applicant would have to hire his own attorney if he wanted to pursue discretionary review. However, Rule 48.4 expressly refers to counsel's duty to notify the defendant of his "right to file a ***pro se*** petition for discretionary review." *See* TEX. R. APP. P. 48.4 (emphasis added). In all of these ways, counsel failed to properly advise Applicant (and, indeed, actively misled him) regarding the requirements for seeking discretionary review under the rules of appellate procedure.

### III.    Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note here that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1).

Ultimately, appellate counsel's failure to adequately communicate with clients about the status of their direct appeals is unfair to clients and falls short of the standard for professionalism set forth in the disciplinary rules. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention

to this issue so that attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that, by bringing attention to this issue, appellate attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

With these comments, I join the Court's opinion.

Filed: February 15, 2023

Publish