

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-95,069-01 & WR-95,069-02

### EX PARTE CHRISTOPHER LEE MABE, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 42608CR/A & 42609CR/A IN THE 40TH DISTRICT COURT
### FROM ELLIS COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in the form of an out-of-time petition for discretionary review. I write separately to emphasize, yet again, the importance of appellate counsel's duty to provide timely and accurate information to clients regarding their right to file a *pro se* PDR following the resolution of their direct appeals. Here, appellate counsel failed to adequately inform Applicant of this right, thereby depriving Applicant of his ability to pursue review in this

Court. This situation happens far too frequently and is a troubling sign that some appellate attorneys are routinely failing to carry out their duties in this regard, thereby resulting in unfairness to clients and excessive post-conviction litigation to correct such errors.

## I.    Background

On October 5, 2018, Applicant pleaded guilty to two charges of aggravated sexual assault of a child. Pursuant to a plea agreement, the trial court placed Applicant on deferred adjudication community supervision for a period of 10 years and imposed a $2,000 fine for each offense. Less than a year later, the State filed a motion to adjudicate Applicant's guilt, alleging a litany of probation violations. The court found the State's allegations true, adjudicated Applicant guilty on both charges, and imposed two consecutive life sentences. Applicant timely appealed. On July 27, 2022, the court of appeals affirmed the trial court's judgments. *See Mabe v. State*, Nos. 10-21-00282-CR, 10-21-00283-CR, 2022 WL 2977476 (Tex. App.—Waco July 27, 2022, no pet.). The deadline to file a petition for discretionary review occurred 30 days later, but no petition was filed. *See* TEX. R. APP. P. 68.2(a) (providing that petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals).

In his instant post-conviction habeas application, Applicant alleges that appellate counsel failed to properly advise him regarding his right to file a *pro se* PDR in this Court. The record reflects that, on July 29, 2022, appellate counsel sent Applicant a letter notifying him of the court of appeals' decision along with a copy of the court's opinion and judgments. The letter indicated that there were "quite a few discrepancies" in the court's

opinion and that there were viable "grounds to appeal." But counsel seemed to suggest that he would be assisting Applicant with filing the PDR by stating, "We have 30 days to put in a petition for discretionary review of the Order denying the appeal . . . . The fee for the petition is $7500.00. We believe that the petition to the Texas Court of Criminal Appeals is the proper remedy at this point." Applicant alleges in his application that this language caused him to incorrectly believe that appellate counsel would handle filing the PDR on Applicant's behalf and that the $7,500 was a filing fee to be paid to this Court, rather than attorney's fees.

Appellate counsel filed an affidavit responding to Applicant's allegations. Counsel explained that after sending the aforementioned letter, he had a telephone conversation with Applicant to discuss next steps, which could include filing either a PDR or an Article 11.07 writ application. According to counsel, Applicant stated that he would need to speak to his mother before moving forward because he was concerned about whether she would be able to afford the fees. Counsel stated that he did not use the term "*pro se*" during this conversation, but he did tell Applicant that if he were unable to hire appellate counsel to file a PDR, "he could file on his own."

The habeas court ultimately found that, while appellate counsel's letter informed Applicant of his right to file a PDR, it violated Rule of Appellate Procedure 48.4 by failing to inform Applicant in writing that he could do so *pro se*. Accordingly, the habeas court recommended granting Applicant an out-of-time PDR on that basis.

## II.     Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has a duty to advise the defendant regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added).

As Rule 48.4 clearly states, appellate counsel *must*: (1) send the defendant a copy of the court of appeals' opinion and notify the defendant, in writing, of his right to pursue a *pro se* PDR "within five days after the opinion is handed down;" (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4. As the record here reflects, counsel's letter to Applicant referenced the possibility of filing a PDR, but the letter made no mention of Applicant's right to do so *pro se*. Thus, the letter failed to strictly comply with the

requirements of Rule 48.4. Further, although counsel claims to have advised Applicant of his ability to file a *pro se* PDR during a subsequent phone conversation, it is unclear whether Applicant understood counsel's statements. It is precisely because of the possibility of miscommunication or misunderstanding that Rule 48.4 requires that this information be put into writing. Counsel's letter here was misleading and suggested that counsel would handle the filing of the PDR for a fee. It is apparent from the record that Applicant decided not to pursue a PDR because of financial considerations. Given the circumstances, I agree with the habeas court's assessment that counsel's conduct in failing to properly advise Applicant in writing that he could pursue a *pro se* PDR deprived Applicant of an entire proceeding, such that he is entitled to an out-of-time PDR. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) (per curiam) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform a client of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding").

### III.    Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id*. R. 1.01(b)(1). Ultimately, appellate

counsel's failure to properly communicate with Applicant regarding his right to pursue a *pro se* PDR fell short of the standards for professionalism set forth in the disciplinary rules. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, given the sheer volume of cases in which this or similar problems arise, it is my ethical obligation to bring attention to this issue so that all attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). By bringing attention to this issue, perhaps this attorney and other appellate attorneys will be motivated to implement procedures to ensure that similar situations do not occur in the future.

With these comments, I join the Court's opinion.

Filed: November 1, 2023

Publish