

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-93,950-01, WR-93,950-02, & WR-93,950-03

## EX PARTE BRANDON V. CARRAWAY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W17-75820-S(A), W17-75821-S(A), AND W17-75822-S(A)
### IN THE 282ND DISTRICT COURT
### OF DALLAS COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas corpus relief in these cases. I write separately to, once again, emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding the right to file a *pro se* petition for discretionary review following resolution of a direct appeal. In this case, appellate counsel failed to adequately inform Applicant of this right, thereby depriving Applicant of his ability to pursue discretionary review in this Court. This situation happens far too frequently and is a troubling sign that some appellate attorneys

are routinely failing to carry out their duties in this regard, thereby resulting in unfairness to clients and excessive post-conviction litigation to correct such errors.[1]

## I.    Background

On March 21, 2018, Applicant was convicted of compelling prostitution of a person under the age of 18, sexual assault of a child, and trafficking of a person under the age of 18. After Applicant pleaded true to the alleged enhancements, the jury sentenced him to prison terms of 35 years, 25 years, and 30 years on each charge, respectively. Appellate counsel filed a direct appeal in which he raised a single issue challenging the sufficiency of the evidence to support the conviction for compelling prostitution. On April 25, 2019, the court of appeals delivered its opinion rejecting Applicant's sufficiency challenge and affirming the convictions. *Carraway v. State*, Nos. 05-18-00367-CR, 05-18-00368-CR, 05-18-00369-CR, 2019 WL 1856681, at *1 (Tex. App.—Dallas Apr. 25, 2019, no pet.) (mem. op., not designated for publication). Generally, the deadline to file a petition for discretionary review would have occurred 30 days later, *see* TEX. R. APP. P. 68.2(a), but appellate counsel sought, and obtained, an extension of the deadline to June 27, 2019. *See* TEX. R. APP. P. 68.2(c). Nonetheless, no petition was filed.

In his habeas pleadings, Applicant alleges that appellate counsel never directly informed him of the court of appeals' decision or of his right to seek discretionary review.

---

[1] Though this opinion focuses on the Court's decision to grant Applicant relief in the form of an out-of-time PDR with respect to his conviction for compelling prostitution, I also agree with the Court's decision to grant Applicant relief in the form of out-of-time *pro se* briefs in the court of appeals with respect to his sexual assault and trafficking convictions, based on appellate counsel's failure to either raise any grounds on appeal challenging those convictions or withdraw in accordance with the requirements of *Anders v. California*, 386 U.S. 738 (1967).

Instead, Applicant claims that he learned the outcome of his direct appeal after the clerk of the court of appeals sent him a "courtesy copy" of the court's opinion. Applicant also alleges that, but for appellate counsel's error, he would have timely filed a *pro se* PDR with this Court.

In response to Applicant's allegations, appellate counsel filed an affidavit in which he explained that throughout the representation, Applicant's mother, Ms. Carraway, was his "point of contact" for communicating with Applicant. So, after the court of appeals issued its opinion in these cases, appellate counsel sent a copy of the court's opinion to Ms. Carraway, believing that she would forward the information to Applicant. Moreover, appellate counsel stated that he advised Ms. Carraway of Applicant's right to file a PDR, either with retained counsel or *pro se*, believing that Ms. Carraway would "discuss moving forward with [Applicant]." According to appellate counsel, he thought that these communications with Ms. Carraway were tantamount to communicating with Applicant directly, and that Ms. Carraway had, in fact, forwarded the information to Applicant.

The habeas court ultimately found in Applicant's favor, concluding that appellate counsel failed to inform Applicant that his convictions had been affirmed and that Applicant had the right to file a *pro se* PDR. The habeas court also concluded that, but for appellate counsel's error, Applicant would have timely filed a PDR. Thus, the habeas court recommended that this Court grant Applicant the opportunity to file an out-of-time PDR.

## II.      Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This

right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has a duty to advise the defendant regarding his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). As Rule 48.4 clearly states, appellate counsel *must*: (1) send a copy of the court of appeals' opinion, along with notification of the defendant's right to file a *pro se* PDR, to the defendant's last known address within five days after the opinion is handed down; (2) send that notification via certified mail, with a return receipt requested; and (3) send the court of appeals a letter certifying compliance with Rule 48.4.

As the record in this case demonstrates, appellate counsel failed to fulfill these duties, instead believing it adequate to send notification to Applicant's mother. But Rule 48.4 plainly provides that counsel must communicate *directly* with the defendant about his right to pursue a *pro se* PDR. Counsel's duty is not discharged by merely passing off to a family member the obligation to inform his client. *See Schulman*, 252 S.W.3d at 411

(stating that counsel "must *ensure* that *his client* has been informed of his right to file a *pro se* PDR") (emphasis added). Thus, given the circumstances, I agree with the habeas court's assessment that counsel's conduct in failing to directly advise Applicant that he could pursue a *pro se* PDR deprived Applicant of an entire proceeding, such that he is entitled to an out-of-time PDR. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform the defendant of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding").

### III. Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1). Ultimately, appellate counsel's failure to communicate directly with Applicant regarding his right to pursue a *pro se* PDR fell short of the standards for professionalism set forth in the disciplinary rules. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But, given the sheer volume of cases in which this or similar problems

arise, it is my ethical obligation to bring attention to this issue so that all attorneys may be reminded of the effect of failing to properly communicate with their clients. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). By bringing attention to this issue, perhaps this attorney, and other appellate attorneys, will be motivated to implement procedures to ensure that similar situations do not occur in the future.

 With these comments, I join the Court's opinion.

Filed: January 31, 2024

Publish