

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,555-01

## EX PARTE LAMAR MARTINEZ LAWSON, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. CR-0435-18-E(1) IN THE 275TH DISTRICT COURT
## FROM HIDALGO COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

### CONCURRING OPINION

I join in the Court's decision to grant Applicant post-conviction habeas relief in the

form of an out-of-time petition for discretionary review. I write separately to emphasize,

once again, the importance of appellate counsel's duty to provide timely and accurate

information to clients regarding the right to file a *pro se* PDR following resolution of a

direct appeal. In this case, appellate counsel failed to timely inform Applicant of this right,

thereby depriving Applicant of his ability to pursue review in this Court. This situation

happens far too frequently and is a troubling sign that many appellate attorneys are routinely failing to carry out their duties in this regard, resulting in unfairness to clients and excessive post-conviction litigation to correct such errors.

## I. Background

On April 7, 2022, a jury convicted Applicant of murder and sentenced him to 65 years' imprisonment.[1] Applicant timely appealed. On August 10, 2023, the Thirteenth Court of Appeals issued its opinion affirming the trial court's judgment. *Lawson v. State*, No. 13-22-00182-CR, 2023 WL 512469, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2023, no pet.) (mem. op., not designated for publication). Because no motion for rehearing was filed, the deadline to file a petition for discretionary review occurred 30 days later.[2] However, no petition was filed.

In his instant post-conviction habeas application, Applicant alleges that appellate counsel failed to timely inform him of the court of appeals' decision and of his right to file a *pro se* PDR, thereby causing him to miss the filing deadline. Applicant claims that appellate counsel did not send him a notification letter until September 1, 2023, which was around two weeks later than required under the Rules of Appellate Procedure.[3] Moreover, Applicant avers that because of an unknown breakdown in the prison mail system, he did not receive counsel's letter until September 26, 2023—16 days after the deadline to file a

---

[1] *See* TEX. PENAL CODE § 19.02.
[2] *See* TEX. R. APP. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.")
[3] *See* TEX. R. APP. P. 48.4.

PDR. In support of his application, Applicant attaches an image of the envelope from appellate counsel, which is marked as received on September 26, 2023.

The habeas court initially forwarded the application to this Court without entering findings of fact or conclusions of law. We then remanded the application for further development of the record, and in doing so, we ordered the habeas court to order appellate counsel to respond to Applicant's claim. However, the after-remand record does not provide any evidence that the habeas court ever ordered counsel to respond. Accordingly, there is no affidavit from counsel in the record. Nevertheless, the State averred during a live hearing in the habeas court that it had contacted appellate counsel directly, and that he had effectively conceded that his notification letter to Applicant was late. The State agreed that given the circumstances, Applicant was entitled to the requested relief.

Ultimately, the habeas court found that appellate counsel failed to provide timely notice to Applicant of his right to file a *pro se* PDR and that but for appellate counsel's error, Applicant would have availed himself of that right. Accordingly, the habeas court recommended that this Court grant Applicant an out-of-time PDR.

## II.     Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing

discretionary review, appellate counsel still has a duty to timely notify the defendant of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is expressly codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68**. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). Thus, as Rule 48.4 clearly states, appellate counsel *must* "*within five days* after the opinion is handed down" (1) send a copy of the court of appeals' opinion and written notification of the defendant's right to pursue a *pro se* PDR; (2) send that notification via certified mail, with a return receipt requested; and (3) send a letter to the court of appeals certifying compliance with the requirements of Rule 48.4.

In this case, it is readily apparent that appellate counsel failed to comply with Rule 48.4's requirements. The court of appeals issued its opinion affirming Applicant's conviction and sentence on August 10, 2023. Rule 48.4 plainly required appellate counsel to inform Applicant of that opinion, and of Applicant's right to file a *pro se* PDR, within five days of the opinion being issued. However, appellate counsel did not send the required notification until September 1—more than two weeks late. And even though it was an unknown breakdown in the prison mail system that ultimately resulted in Applicant not receiving the notification until after the deadline to file a PDR had passed, that does not

change the fact that appellate counsel's notification was untimely. Even had there been no problem in the prison mailroom, Applicant still would have had only around a week to prepare his *pro se* PDR after receiving counsel's notification, which is clearly an inadequate amount of time. Accordingly, I agree with the Court that appellate counsel was deficient and that his error deprived Applicant of the opportunity to pursue a *pro se* PDR, such that Applicant is entitled to an out-of-time PDR. *Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) (per curiam) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *see also Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Normally, when an appellant is not informed of the decision of the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel.").

III.   **Appellate Counsel's Duties Under the Rules of Professional Conduct**

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, in representing a client, a lawyer "shall not neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1). These duties are particularly important in situations where, as here, counsel is representing an incarcerated individual. Counsel is, in many instances, the sole means of conveying time-sensitive information about the person's

case. Ultimately, appellate counsel's failure to timely communicate with Applicant about the status of his case fell short of the standards of professionalism set forth in the disciplinary rules and resulted in harm to Applicant by depriving him of a due process right. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But based on the sheer volume of cases in which this or similar problems arise, it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay abreast of case developments and timely communicate with their clients. *See* Tex. Jud. Code Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that by highlighting this all-too-frequent problem, attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

## IV.    Conclusion

With these comments, I join the Court's opinion granting Applicant an out-of-time PDR.

Filed: September 4, 2024

Publish