

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-31,799-10

## EX PARTE ROBERT RAY ROBERTS, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2021CR5177-W2 CR-IN THE 226TH DISTRICT COURT
## FROM BEXAR COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately so that I may continue to emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding the right to file a *pro se* PDR following resolution of a direct appeal. In this case, appellate counsel failed to timely inform Applicant of this right, thereby depriving Applicant of his ability to pursue review in this Court. This

situation happens far too frequently and is a troubling sign that many appellate attorneys are routinely failing to carry out their duties in this regard, resulting in unfairness to clients and excessive post-conviction litigation to correct such errors.

## I.    Background

On November 28, 2022, Applicant pleaded nolo contendere to three counts of sexual assault of a child, and the trial court sentenced him to concurrent nine-year terms of imprisonment. Applicant reserved his right to appeal matters that were preserved by pretrial motions. On direct appeal, the court of appeals upheld the trial court's judgments. *See Roberts v. State*, No. 08-23-00011-CR, 2023 WL 4994530, at *2 (Tex. App.—El Paso Aug. 4, 2023, no pet.) (mem. op., not designated for publication). Because no motion for rehearing was filed in the court of appeals, the deadline to file a petition for discretionary review was 30 days after issuance of the court of appeals' opinion.[1] However, no petition was filed.

In the instant post-conviction habeas application, Applicant alleges, *inter alia*, that appellate counsel failed to timely inform him of the court of appeals' decision and of his right to file a *pro se* PDR, causing him to miss the filing deadline. Specifically, Applicant contends that appellate counsel did not mail him the required notice until August 16, 2023, which was around a week later than required under Rule of Appellate Procedure 48.4. *See* TEX. R. APP. P. 48.4 (providing that appellate counsel "shall, within five days after the

---

[1] *See* TEX. R. APP. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.").

opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review under Rule 68"). As a result of the delay, Applicant contends that he was denied a meaningful opportunity to prepare and file his *pro se* PDR.

In response to the allegations, appellate counsel filed an affidavit conceding that he did not comply with Rule of Appellate Procedure 48.4's five-day notification requirement. However, appellate counsel contended that Applicant still "had sufficient time to file a PDR," given that Applicant "would have had 30 days from the date of the judgment to file a PDR." Appellate counsel also suggested that if Applicant needed more time to file his PDR, he could have sought an extension of time from this Court, which he did not do.[2]

The habeas court found that appellate counsel failed to comply with Rule 48.4 and that but for appellate counsel's error, Applicant would have timely filed a *pro se* PDR. Thus, the habeas court recommends that this Court grant Applicant an out-of-time PDR.

## II.    Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal

---

[2] *See* TEX. R. APP. P. 68.2(c) ("The Court of Criminal Appeals may extend the time to file a petition for discretionary review if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last day for filing the petition.").

defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has a duty to timely notify the defendant of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is expressly codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68**. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). Thus, as Rule 48.4 clearly states, appellate counsel *must* "*within five days* after the opinion is handed down" (1) send a copy of the court of appeals' opinion and written notification of the defendant's right to pursue a *pro se* PDR; (2) send that notification via certified mail, with a return receipt requested; and (3) send a letter to the court of appeals certifying compliance with the requirements of Rule 48.4.

In this case, it is readily apparent that appellate counsel failed to comply with the dictates of Rule 48.4. Here, the court of appeals issued its opinion affirming Applicant's convictions on August 4, 2023, so appellate counsel should have sent his notification letter no later than August 9. Instead, appellate counsel waited until August 16 to mail the letter, which Applicant received in prison two days later, on August 18. Because Applicant's PDR was due 30 days after the date of the court of appeals' opinion, Applicant had only around

two weeks remaining in which to prepare and file his *pro se* PDR after receiving counsel's untimely notification.

In his affidavit, counsel seems to suggest that Applicant is not entitled to relief, despite counsel's failure to comply with Rule 48.4. Counsel's position lacks merit, and the Court properly rejects it. First, while it is true that Applicant still had two weeks in which to file his PDR by the time he received counsel's late notification letter, it is unreasonable to assume that an incarcerated, *pro se* litigant would not need the entire period allowed by the rules to prepare and submit his PDR. Given that the Rules of Appellate Procedure provide for a narrow 30-day window of time in which to file a PDR, a delay of even a week in sending the required Rule 48.4 notification constitutes a significant infringement on the total amount of time allotted to prepare and file a PDR.

Second, regarding counsel's suggestion that Applicant could have sought an extension from this Court, while that is true in theory, it is beside the point. The focus of our inquiry here is on counsel's conduct and whether that conduct prejudiced Applicant's ability to file a PDR. If counsel wanted to cure the effects of his mistake so that it would not be deemed prejudicial, he could have assisted Applicant with filing an extension request with this Court. At the very least, counsel could have provided Applicant with information on how to request an extension. Instead, the record suggests that counsel took no steps whatsoever to mitigate the effects of his error. Given the circumstances, Applicant should not be faulted for failing to request an extension when nothing in the record suggests he was even aware of the possibility of an extension, and counsel took no steps to educate him in that regard. Accordingly, I agree with the Court that appellate counsel was deficient

and that his error prejudiced Applicant's ability to pursue a *pro se* PDR, such that Applicant is entitled to an out-of-time PDR. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *see also Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Normally, when an appellant is not informed of the decision of the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel.").

## III. Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Further, in representing a client, a lawyer "shall not neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1). Ultimately, appellate counsel's failure to timely communicate with Applicant about the status of his case fell short of the standards of professionalism set forth in the disciplinary rules and resulted in harm to Applicant by depriving him of a due process right. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But based on the sheer volume of cases in which this or similar problems arise, it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay

abreast of case developments and timely communicate with their clients. *See* Tex. Jud. Code Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that by highlighting this all-too-frequent problem, attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

## IV.    Conclusion

With these comments, I join the Court's opinion granting Applicant an out-of-time PDR.

Filed: September 11, 2024

Publish