

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,877-02

### EX PARTE EDDIE RAY CHARLES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-DCR-075041B IN THE 400TH DISTRICT COURT
### FROM FORT BEND COUNTY

SLAUGHTER, J., filed a concurring opinion.

### CONCURRING OPINION

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately so that I may continue to emphasize the importance of appellate counsel's duty to provide timely and accurate information to clients regarding the right to file a *pro se* PDR following resolution of a direct appeal. In this case, appellate counsel failed to timely inform Applicant of this right, thereby depriving Applicant of his ability to pursue review in this Court. This situation happens far too frequently and is a troubling sign that many appellate attorneys

are routinely failing to carry out their duties in this regard, resulting in unfairness to clients and excessive post-conviction litigation to correct such errors.

## I.        Background

On April 26, 2019, a jury convicted Applicant of continuous sexual abuse of a child.[1] The trial court sentenced Applicant to seventy-five years' imprisonment. Applicant timely appealed. On August 4, 2022, the First Court of Appeals issued its opinion affirming the trial court's judgment. *Charles v. State*, No. 01-19-00725-CR, 2022 WL 3093025 (Tex. App.—Houston [1st Dist.] Aug. 4, 2022) (mem. op., not designated for publication). Because no motion for rehearing was filed, the deadline to file a PDR occurred 30 days later, with a filing deadline of September 6, 2022.[2, 3] No petition was timely filed. On September 15, 2022, Applicant belatedly filed his *pro se* PDR, but this Court dismissed the petition as untimely.

In his instant post-conviction habeas application, Applicant alleges that appellate counsel failed to timely inform him of his right to file a *pro se* PDR, thereby causing him to miss the filing deadline. The record reflects that on August 4, 2022, appellate counsel timely mailed Applicant a copy of the court of appeals' opinion. But counsel's attached letter did not make any mention of Applicant's right to file a *pro se* PDR. Two weeks later, on August 19, 2022, counsel sent Applicant a letter responding to Applicant's inquiry about

---

[1] *See* TEX. PENAL CODE § 21.02(b).
[2] *See* TEX. R. APP. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals.").
[3] The thirty-day filing deadline fell on Saturday, September 3. Monday, September 5 was Labor Day. Thus, the deadline was Tuesday, September 6.

what additional steps he could take to challenge his conviction on appeal. In that letter, counsel finally notified Applicant of his right to file a *pro se* PDR. This notice, however, was ten days late. *See* TEX. R. APP. P. 48.4 (providing that counsel "shall within five days after the [court of appeals'] opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary review"). Immediately upon receiving this letter, Applicant wrote appellate counsel and requested that counsel represent him in filing a PDR. In a letter dated August 31, 2022, counsel denied Applicant's request. Applicant did not receive this letter until September 13, 2022.[4] As noted above, Applicant then filed an untimely *pro se* PDR, which this Court dismissed.

Appellate counsel filed an affidavit in response to the allegations. She averred that Applicant still had around 15 days in which to file his *pro se* PDR after she sent the letter informing him of his right to do so. Counsel also contended that Applicant "apparently just didn't want to be solely responsible for the drafting and filing of his *pro se* petition for discretionary review." Accordingly, counsel suggests that Applicant is not entitled to an out-of-time PDR.

---

[4] Because the record did not indicate when Applicant actually received notice of his right to file a *pro se* PDR, we initially remanded the application for further development of the record. In doing so, we ordered the habeas court to order the Texas Department of Criminal Justice's Office of the General Counsel to provide copies of the prison mail room logs. The logs show that Applicant received correspondence from appellate counsel on three dates: (1) August 9, (2) August 23, and (3) September 13. The dates correspond to Applicant receiving (1) a copy of the First Court of Appeals' decision, (2) counsel's letter providing late notice of Applicant's right to file a *pro se* PDR, and (3) counsel's letter declining to assist Applicant with filing the PDR.

In its findings of fact and conclusions of law, the habeas court found that counsel "failed to timely and fully comply with Rule 48.4 of the Texas Rules of Appellate Procedure." The court ultimately concluded that, "although Applicant had time to file a *pro se* PDR before the September 6, 2022 deadline, Applicant did not have the full amount of time to prepare and file a *pro se* PDR as intended by Rule 48.4 of the Texas Rules of Appellate Procedure." Thus, it recommended that Applicant should receive the opportunity to file an out-of-time PDR "in the interest of justice."

## II.    Appellate Counsel's Duties Under the Appellate Rules

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96, 105 S. Ct. 830, 83 L.Ed.2d 821 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, appellate counsel still has a duty to timely notify the defendant of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is expressly codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68**. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy

> of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added). Thus, as Rule 48.4 clearly states, appellate counsel *must* "*within five days* after the opinion is handed down" (1) send a copy of the court of appeals' opinion and written notification of the defendant's right to pursue a *pro se* PDR; (2) send that notification via certified mail, with a return receipt requested; and (3) send a letter to the court of appeals certifying compliance with the requirements of Rule 48.4.

In this case, it is readily apparent that appellate counsel failed to fully comply with Rule 48.4's requirements. The court of appeals issued its opinion affirming Applicant's conviction and sentence on August 4, 2022. Rule 48.4 plainly required appellate counsel to inform Applicant of that decision, *and* of Applicant's right to file a *pro se* PDR, within five days of the opinion being issued. Even though appellate counsel timely sent Applicant a copy of the court of appeals' opinion, she did not send any information about Applicant's right to pursue a *pro se* PDR until August 19, 2022, which was 10 days late under Rule 48.4. As a result, Applicant had only around two weeks remaining in which to prepare and file his *pro se* PDR after receiving counsel's late notification.

In her affidavit, counsel seems to suggest that Applicant is not entitled to relief, despite her failure to comply with Rule 48.4, because Applicant still had enough time remaining in which to file his PDR. The habeas court also seems to waver on whether these circumstances amount to ineffective assistance of counsel, instead recommending that we grant relief "in the interests of justice." In my view, however, these circumstances clearly give rise to a finding of ineffective assistance of counsel. The fact that Applicant still had

around two weeks in which to file his PDR by the time he received counsel's late notification letter does not excuse counsel's failure to comply with Rule 48.4. Further, it is unreasonable to assume that an incarcerated, *pro se* litigant would not need the entire period allowed by the rules to prepare and submit his PDR. Given that the Rules of Appellate Procedure provide for a narrow 30-day window of time in which to file a PDR, a delay of 10 days in sending the required Rule 48.4 notification constitutes a significant infringement on the total amount of time allotted to prepare and file a PDR. Additionally, regarding counsel's suggestion that Applicant simply did not want the responsibility of filing his own PDR, that suggestion is refuted by the record, which shows that Applicant did indeed file a *pro se* PDR (albeit after the deadline) immediately after he received counsel's letter informing him that she would not file a PDR on his behalf. The fact that Applicant initially asked appellate counsel to represent him on discretionary review should not weigh against the credibility of his claim when the entirety of the record shows that he has been diligent in pursuing a *pro se* PDR upon learning of the availability of that proceeding.

Accordingly, the record establishes that appellate counsel was deficient and that her error prejudiced Applicant's ability to pursue a *pro se* PDR, such that Applicant is entitled to an out-of-time PDR. *See Ex parte Wilson*, 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *see also Ex parte Riley*, 193 S.W.3d 900, 902 (Tex. Crim. App. 2006) ("Normally, when an appellant is not informed of the decision of

the court of appeals by his attorney in time for him to file a petition for discretionary review, it will be ineffective assistance of counsel.").

### III. Appellate Counsel's Duties Under the Rules of Professional Conduct

More generally, I also note that the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). In representing a client, a lawyer "shall not neglect a legal matter entrusted to the lawyer." *Id.* R. 1.01(b)(1). Ultimately, appellate counsel's failure to timely inform Applicant of his right to file a *pro se* PDR fell short of the standards of professionalism set forth in the disciplinary rules and resulted in harm to Applicant by depriving him of a due process right. Such failure also places unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I certainly understand and acknowledge that we are all human beings who make mistakes. But based on the sheer volume of cases in which this or similar problems arise, it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay abreast of case developments and timely communicate with their clients. *See* Tex. Jud. Code Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). It is my hope that by highlighting this all-too-frequent problem, attorneys will be motivated to take steps to ensure that such situations do not occur in the future.

## IV. Conclusion

With these comments, I join the Court's opinion granting Applicant an out-of-time PDR.

Filed: September 18, 2024

Publish